George R. BREEDEN, Appellant,

v.

Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.

No. 98–734.

United States Court of Appeals for Veterans Claims.

Jan. 5, 2000.

Before KRAMER, IVERS, and STEINBERG, Judges.

**ORDER**

PER CURIAM:

The pro se appellant appeals a December 22, 1997, Board of Veterans' Appeals (BVA) decision that denied educational assistance benefits under chapter 30 of title 38, U.S.Code, for enrollment in a college during the period of August 1995 to May 1996. Record at 2. The appellant has filed an informal brief and a reply, and the Secretary has filed a motion for single-judge affirmance.

In his informal brief, the appellant states: "[I]t looks like, according to amount of entitlement awarded, everything should be O.K. *but* I sincerely believe I didn't get all the money that I was sup-

posed to." Informal Brief at 1. He then requests that "the Court, if possible, . . . verify the check amounts that [he] . . . received during the period in question, & confirm that the total of those is less than [he] should have received". *Id.* at 2. The Court notes that the Department of Veterans Affairs (VA) regional office (RO) provided to the appellant, at his request, an audit dated December 11, 1995 (R. at 224), showing the computation of his use of education benefits entitlement under chapter 30, and that the BVA in the decision on appeal computed various amounts of unused such entitlement following various periods of time during which the appellant had used such entitlement. Although the appellant has clearly stated his sincere belief that an error has occurred, the Court cannot locate in his informal brief, his 11–page reply, or in any documents contained in the record on appeal, where he has described any specific error(s) in calculation(s) by the BVA or the VARO or in the December 11, 1995, VA audit or any other document. It is not the task of the Court to search the record to try to uncover errors not identified by the appellant. Hence, the Court will now order him to identify any such errors with specificity.

Upon consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the appellant file, and serve on the Secretary, a supplemental memorandum identifying any specific errors that he asserts were made by VA in the December 11, 1995, VA audit (R. at 224) or any other document, or by the BVA, in calculating the amount of benefits to which he contends that he is entitled under chapter 30. It is further

ORDERED that, not later than 30 days after service of the appellant's supplemental memorandum, the Secretary file a supplemental memorandum in response.