**This version contains an errata dated 3Apr00 -e**

# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-734

GEORGE R. BREEDEN, APPELLANT,

V.

TOGO D. WEST, JR.
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided   March 17, 2000   )

*George R. Breeden, pro se.*

*Leigh A. Bradley,* General Counsel; *Ron Garvin*, Assistant General Counsel; *Jacqueline M. Sims*, Acting Deputy Assistant General Counsel; and *Erica M. Dornburg*, all of Washington, D.C., were on the pleading for the appellee.

Before KRAMER, IVERS, and STEINBERG, *Judges*.

STEINBERG, *Judge*: The pro se appellant, veteran George R. Breeden, appeals a December 22, 1997, Board of Veterans' Appeals (BVA or Board) decision that denied chapter 30 educational assistance benefits for enrollment in a college during the period of August 1995 to May 1996.  Record (R.) at 2.  The appellant has filed an informal brief and a reply, and the Secretary has filed a motion for single-judge affirmance.  This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a).  For the reasons that follow, the Court will deny the Secretary's motion in part, grant it in part, and affirm the BVA decision.

## I.  Background

The veteran had active service in the U.S. Army from February 1986 to February 1988. R. at 16. In August 1988, he submitted to a Department of Veterans Affairs (VA) regional office (RO) an application for education benefits. The next month, the VARO notified him by letter that he was eligible for 36 months of "credited [educational assistance allowance] entitlement based on length of creditable service", and that he had "until February 12, 1998[,] to use [his] entitlement." R. at 21. The RO then received a VA Form 22-1999 Enrollment Certification ("Enrollment Certification Form") showing that the veteran had enrolled in a college full time for the period of September 6 to December 20, 1988. R. at 26. In October 1988, the RO awarded the education benefits applied for and notified the veteran that, as of December 1988, his "remaining entitlement [would] be 32 month(s) and 15 day(s) if used before [his] delimiting date of 02-12-98." R. at 29.

In November 1988, the RO received a second Enrollment Certification Form showing that the veteran was enrolled full time for the period of January 18 to May 16, 1989. R. at 36-37. The RO again awarded the education benefits sought and notified the veteran that his "remaining entitlement would be 27 months and 19 days, if used before February 1998." Supplemental (Suppl.) R. at 2-3. Similar education-benefits awards were granted by the RO as to full-time enrollment from August 21, 1989, to May 30, 1990 (leaving the veteran with 18 months and 9 days of entitlement remaining) (R. at 49), and from June 18 to July 27 and August 20 to December 21, 1990 (leaving the veteran with 11 months and 18 days of entitlement remaining) (R. at 49). The RO was then informed that the veteran had withdrawn from classes on September 7, 1990 (R. at 100), and his remaining time was subsequently amended accordingly, so that he was determined to have 15 months and 11 days of entitlement remaining (Suppl. R. at 21). In June 1994, the appellant was awarded education benefits for the period of May 31 to August 10, 1994 (R. at 127), leaving him remaining entitlement of 13 months and 1 day (R. at 22).

In August 1994, the RO received an Enrollment Certification Form for the veteran's enrollment in a three-hour correspondence course for the period of September 13, 1993, to June 13, 1994. R. at 140. In September 1994, the RO issued a check for retroactive tuition in the amount of $114.21. R. at 238. The RO then received an Enrollment Certification Form that indicated that the veteran had been enrolled full time during the period of August 23 to December 14, 1994. R. at 139.

2

A January 1995 audit of the veteran's account indicated that in 1994 he had been enrolled in school for a total of 7 months full time and 2 months and 5 days at ¼ time. R. at 166.

In April 1995, the RO received an Enrollment Certification Form indicating full-time enrollment from July 11 to August 17, 1995. R. at 168. In May 1995, the RO notified the veteran that his "[c]hapter 30 entitlement [was] . . . exhausted effective July 8, 1995", because he had "received the maximum benefit allowed by law." R. at 210-11. Following receipt of an Enrollment Certification Form regarding the veteran's full-time enrollment for the period of August 28, 1995, to May 8, 1996 (R. at 173), the RO notified him that educational assistance was denied for that period (R. at 175). In December 1995, at the veteran's request, the RO provided an audit of his education-benefits utilization that indicated the above described charges to his entitlement, with his final enrollment period listed as July 18 to August 17, 1995, as to which period his entitlement had been "[e]xtended . . . to end of term". R. at 224. The veteran timely appealed to the Board. R. at 225, 241.

In the December 1997, BVA decision here on appeal, the Board denied the veteran's claim for educational assistance benefits for enrollment from August 28, 1995, to May 8, 1996, on the ground that he had been paid "[c]hapter 30 educational assistance benefits . . . for periods of enrollment in excess of 36 months up through August 17, 1995." R. at 2.

On January 5, 2000, after reviewing the appellant's pleadings, the Court noted that it was unable to "locate in his informal brief, his 11-page reply, or in any documents contained in the record on appeal, where he has described any specific error(s) in calculation(s) by the BVA or the [ ]RO or in the December 11, 1995, VA audit [(R. at 224)] or any other document." *Breeden v. West*, 13 Vet.App. 250, 250 (2000). Noting that "[i]t is not the task of the Court to search the record to try to uncover errors not identified by the appellant", we ordered the appellant to file within 30 days a supplemental memorandum that identified "any such errors with specificity." *Ibid.* The appellant has failed to respond.

## II. Analysis

Under 38 U.S.C. § 3011(a)(1)(A)(i), which sets forth the eligibility requirements for entitlement to chapter 30 basic educational assistance, "each individual . . . who . . . [,] after June 30,

1985, first becomes a member of the Armed Forces or first enters on active duty as a member of the Armed Forces and . . . who . . . serves at least two years of continuous active duty in the Armed Forces . . . is entitled to basic educational assistance." *See also* 38 C.F.R. §§ 21.7040, 21.7042 (1999) (VA regulations concerning basic eligibility for chapter 30 educational assistance benefits). "[E]ach individual entitled to basic educational assistance under section 3011 . . . is entitled to 36 months of educational assistance benefits under . . . chapter [30] (or the equivalent thereof in part-time educational assistance)". 38 U.S.C. § 3013(a)(1); *see also* 38 C.F.R. § 21.7072(a) (1999). The calculation of the amount of education benefits used by a veteran who is enrolled "on a full time basis" is to be charged "[o]n the basis of total elapsed time (one day for each day of pursuit)". 38 C.F.R. § 21.7076(b)(1)(i) (1999). In other words, the 36 months for which a veteran is entitled to educational assistance benefits is to be reduced one day for each day of full-time course work taken by the veteran. The regulation also indicates that a veteran who is enrolled on a less-than-full-time basis will be charged "[o]n the basis of a proportionate rate of elapsed time". 38 C.F.R. § 21.7076(b)(1)(ii).

In this case, the veteran's eligibility for a total of 36 months of education benefits pursuant to chapter 30 is not in dispute. *See* R. at 3 (BVA decision noting that the "veteran acknowledges that he is entitled to no more than 36 months of chapter 30 . . . benefits"). Similarly, the appellant explicitly does not dispute the accuracy of the Board's calculation of the number of months (i.e., 36) of education benefits that he has already used. Appellant's Br. at 2 ("I am quite sure that appropriate regulation was applied as regards [sic] amount of entitlement awarded [illegible;] the problem is I didn't get the amount of <u>money</u> that that entitlement is/was worth"); Reply at 1 (arguing that BVA erred in finding that "benefits were paid equal to entitlement charged for 36 months"). The Court will thus not review VA's conclusion that the veteran has been enrolled for over 36 months, which exceeds the amount of education benefits to which he was entitled under chapter 30. *See Green (Doris) v. Brown*, 10 Vet.App. 111, 114 (1997).

The appellant argues that he is entitled to additional educational assistance allowance because, he asserts, the amount of ***money*** expended by VA in support of his 36 months of education was less than it should have been. He asserts that for the period of September 13, 1993, to May 30, 1994, he was charged for 2 months and 5 days but received a check for only $114.21, which, he

asserts, is less than what he should have received for 2 months and 5 days of education benefits. Reply at 9-10; *see also* R. at 140 (Enrollment Certification Form showing enrollment in correspondence course during above period); R. at 166 (December 1995 VA audit indicating payment amount of $114.21 for period of September 13, 1993, to May 30, 1994, and charging his entitlement for 2 months and 5 days worth of entitlement used during that period). The Secretary responds that "the pertinent regulations and code clearly and unambiguously provide that calculation of entitlement is not based on the value of the payments but exclusively on the days and months utilized by [the recipient] in pursuit of his education." Motion at 9.

"The proper interpretation of a statute is to be made by the Court de novo." *Trilles v. West*, __ Vet.App. __, __, No. 97-192, slip op. at 10 (Feb. 15, 2000) (en banc) (citing *Butts v. Brown*, 5 Vet.App. 532, 539 (1993) (en banc)). "The starting point in interpreting a statute is examining the language itself, for 'if the intent of Congress is clear, that is the end of the matter.'" *Ibid.* (quoting *Cacatian v. West*, 12 Vet.App. 373, 376 (1999) (quoting *Gardner v. Brown*, 5 F.3d 1456 (Fed. Cir. 1993), *aff'd*, 513 U.S. 115 (1994))). The Secretary is correct that 38 U.S.C. § 3013, entitled, "**Duration of basic educational assistance**", explicitly provides only for "36 months of educational assistance benefits". 38 U.S.C. § 3013(a)(1). The next two consecutive statutory sections concern the calculation of the dollar amounts to be provided by the Secretary over the course of the veteran's use of the 36 months of educational assistance benefits. 38 U.S.C. §§ 3014, 3015. The statutory provisions in 38 U.S.C. § 3105(a)(1) regarding the payment of amounts of "basic educational assistance allowance", however, in no way appear to entitle a veteran to a particular total monetary allotment. In fact, section 3015 provides:

> (a) The amount of payment of educational assistance under this chapter is subject to section 3032 of this title. Except as otherwise provided in this section, a basic educational assistance allowance under this subchapter shall be paid--
>> (1) at the monthly rate of $528 (as increased from time to time under subsection (g)) for an approved program of education pursued on a full-time basis; or
>> (2) at an appropriately reduced rate, as determined under regulations which the Secretary shall prescribe, for an approved program of education pursued on less than a full-time basis.

38 U.S.C. § 3015(a)(1), (2). There is no indication in the statute that the amount of educational assistance **allowance** set forth in section 3015 that is actually paid is determinative of the **duration**

5

of the veteran's education-benefits entitlement, which is the subject of an entirely separate statutory provision (section 3013). The law seems to be clear, then, that the amounts to be paid to a veteran over the course of his use of his 36 months of education benefits do not provide a basis for an award of benefits for any period of time beyond the 36 months. Hence, the Court will affirm the BVA's decision that the veteran is not entitled to the payment of an educational assistance allowance for any period of time after his 36 months of education-benefits eligibility had expired.

Finally, as to the appellant's assertion that he is entitled to $716.55 due to a miscalculation of the amount of educational assistance allowance due him based on his enrollment from September 13, 1993, to June 13, 1994, the Court notes that the appellant concedes that "the fact that I was enrolled in three[-]hour correspondence course training is true". Reply at 2; *but see* Reply at 2-3 (indicating that there is no evidence of record proving that he had been enrolled in a correspondence course as opposed to a noncorrespondence course). He then states: "What looks to be missing is law stating how a correspondence course is to be paid and how it's to be charged to/against entitlement." Reply at 11. The Secretary states (Motion at 9) that payment for correspondence courses is controlled by 38 U.S.C. § 3032, which provides, inter alia:

> The amount of the educational assistance allowance payable under this chapter to an individual who enters into an agreement to pursue, and is pursuing, a program of education ***exclusively*** by correspondence is an amount equal to 55 percent of the established charge which the institution requires nonveterans to pay for the course or courses pursued by such individual.

38 U.S.C. § 3032(d)(1)(A) (emphasis added). Because this veteran's "program of education" does not appear to have been conducted "***exclusively***" by correspondence course, section 3032(d)(1)(A) would not appear to be applicable. However, as noted above, section 3015(a)(2) does allow for the payment of educational assistance allowance "at an appropriately reduced rate, as determined under regulations which the Secretary shall prescribe, for an approved program of education pursued on less than a full-time basis." 38 U.S.C. § 3015(a)(1), (2). The implementing VA regulation provides:

> (f) *Payment for correspondence courses.* The amount of payment due a veteran or servicemember who is pursuing a correspondence course or the correspondence portion of a correspondence-residence course is 55 percent of the established charge which the educational institution requires nonveterans to pay for the lessons that the veteran or servicemember has had completed and serviced and for which payment is due.

6

38 C.F.R. § 21.7139(f) (1999); *see also* 38 C.F.R. § 21.7020(b)(35) (defining "established charge" as the lesser of: "(i) The charge for the correspondence course . . . determined on the basis of the lowest extended time payment plan offered by the educational institution . . . or (ii) The actual cost to the . . . veteran."). In this case, the Enrollment Certification Form submitted for the correspondence course indicated that Texas Tech University charged the veteran "$120.00" in tuition for the correspondence course. R. at 140. Although it is not clear whether or not that charge is the "established charge which the educational institution requires nonveterans to pay", 38 C.F.R. §§ 21.7020(b)(35), 21.7139(f), it is clear to the Court that the check paid by VA to the veteran ($114.21) closely approximates the $120.00 charge listed on the Enrollment Certification Form, and that the veteran's claim for "$716.55" (Reply at 11) has no basis in law. Hence, that claim must be denied as lacking legal merit. *See Sabonis v. Brown*, 6 Vet.App. 426, 429-30 (1994) (claim denied for lack of legal merit or lack of entitlement).

The Court is unable to review any claim by the appellant that VA has not made appropriate charges to his overall entitlement to chapter 30 education benefits because the appellant has failed to respond to the Court's January 2000 order that he file a supplemental memorandum that "identifies any such errors with specificity." *Breeden*, 13 Vet.App. at 250.

### III. Conclusion

Upon consideration of the foregoing analysis, the record on appeal, and the parties' pleadings, the Court holds that the appellant has not demonstrated that the BVA committed error -- in its findings of fact, conclusions of law, procedural processes, articulation of reasons or bases, or consideration of the benefit-of-the-doubt rule -- that would warrant reversal or remand under 38 U.S.C. §§ 1131, 3011, 3013-3015, 5107(a), 7104(a) or (d)(1), or 7261 or 38 C.F.R. §§ 21.7040 or 21.7042. The Secretary's motion is denied to the extent that it sought affirmance by a single judge, and the Court affirms the December 22, 1997, BVA decision.

AFFIRMED.