NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EZEKIEL GAINES,**
*Claimant-Appellant,*

v.

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7126

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-2488, Judge William A. Moorman.

---

Decided: January 12, 2015

---

EZEKIEL GAINES, of Decatur, Georgia, pro se.

CHRISTOPHER L. HARLOW, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were JOYCE R. BRANDA, Acting Assistant Attorney General, ROBERT E. KIRSCHMAN, Director, and ALLISON KIDD-MILLER, Assistant Director. Of counsel on the brief were YOU KEN LEE,

Deputy Assistant General Counsel, and TRACEY PARKER WARREN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

---

Before MOORE, WALLACH, and CHEN, *Circuit Judges.*

PER CURIAM.

Ezekiel Gaines appeals from a decision of the United States Court of Appeals for Veterans Claims (Veterans Court) dismissing his appeal. *Gaines v. Gibson*, No. 13-2488, 2014 WL 3451489 (Vet. App. July 16, 2014). For the reasons set forth below, we affirm.

## BACKGROUND

Mr. Gaines served on active duty in the United States Air Force from June 1970 until February 1974. In 1972, while working at U-Tapao airfield in Thailand, Mr. Gaines sustained cervical spinal injuries when he fell from the wheel well of a B-52 airplane. In 1979, the Regional Office found service-connection for Mr. Gaines's spinal injuries and granted him a twenty percent disability rating. Since that time, the Regional Office has periodically increased Mr. Gaines's disability rating. Most recently, in 2007, Mr. Gaines was granted a disability rating of fifty percent.

In 2010, Mr. Gaines challenged this rating and also commenced new claims for special monthly compensation (SMC) and a total disability rating based on individual unemployability (TDIU). The Board of Veterans' Appeals (Board) remanded Mr. Gaines's request for a higher disability rating to the Regional Office for issuance of a Supplemental Statement of the case. In addition, the Board dismissed Mr. Gaines's SMC and TDIU claims as abandoned. On appeal, the Veterans Court concluded that because the Board had remanded Mr. Gaines's request for a disability rating in excess of fifty percent,

the Veterans Court lacked jurisdiction to hear the appeal. The court also noted that nothing in Mr. Gaines's brief on appeal could be construed as challenging the Board's dismissal of his SMC and TDIU claims. Accordingly, the Veterans Court dismissed the appeal. The present appeal followed.

## DISCUSSION

Our jurisdiction over claims appealed from the Veterans Court is limited. Under 38 U.S.C. § 7292(a), we may review only the "validity of a decision of the [Veterans] Court on a rule of law or any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." We are not permitted to review "a challenge to a factual determination" or a "challenge to a law or regulation as applied to the facts of a particular case," unless the appeal presents a constitutional issue. *Id.* § 7292(d)(2)(A)–(B).

Mr. Gaines disagrees with the Veterans Court's dismissal of his appeal and requests that a decision be made on his claim. The Veterans Court's jurisdiction is limited by 38 U.S.C. § 7252(a) to "decisions" by the Board. But, as we recognized in *Kirkpatrick v. Nicholson*, a Board remand is not a "decision" within the meaning of § 7252(a). 417 F.3d 1361, 1365–66 (Fed. Cir. 2005). Here, because the Board remanded Mr. Gaines's claim for a higher disability rating to the Regional Office, the Veterans Court was required by statute, as interpreted by *Kirkpatrick*, to dismiss Mr. Gaines's appeal for lack of jurisdiction.

Mr. Gaines notes that his appeal began in 2010, and urges this Court to "make a decision on [his] appeal." Informal Br. at 2. However, the statute governing our jurisdiction, 38 U.S.C. § 7292, does not permit us to examine Mr. Gaines's medical records and determine for ourselves whether he is entitled to a disability rating in

excess of fifty percent. If Mr. Gaines is ultimately dissatisfied with the Regional Office's decision on remand, he may then again avail himself of the appellate process.

Mr. Gaines also asserts that the Veterans Court's decision "has done nothing but prolong [his] attempt to obtain the compensation that [he] believe[s] [is] due." Informal Br. at 1. Even if we were to construe this statement as a request for a writ of mandamus compelling action by either the Department of Veterans Affairs or the Veterans Court, such a request would fail. A writ of mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947)). We cannot issue a writ unless: (1) the petitioner has no other adequate alternative means to attain the desired relief; (2) the petitioner has established a clear and indisputable right to the writ; and (3) the court is satisfied that the writ is appropriate under the circumstances. *Id.* at 380–81. Mr. Gaines cannot establish any of these elements. Mr. Gaines's claims are pending before the Regional Office and there is no indication that the Regional Office will fail to reach a decision in due course. *See Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002) ("[E]xtraordinary writs cannot be used as substitutes for appeals even though hardship may result from delay.").

Finally, the Veterans Court did not err in reaching its conclusion that Mr. Gaines previously abandoned his SMC and TDIU claims. Specifically, the Veterans Court determined that "even liberally interpreting the appellant's informal brief, the Court can discern no argument with regard to the Board's dismissal of the matters of TDIU and SMC." *Gaines v. Gibson*, 2014 WL 3451489, at *2. The Veterans Court relied on the established jurisprudential maxim that an issue not raised on appeal is waived. *Id.* (citing *Breeden v. West*, 13 Vet. App. 250, 250 (2000) (per curiam order) ("It is not the task of the Court

to search the record to try and uncover errors not identified by the appellant."); *Ford v. Gober*, 10 Vet. App. 531, 535 (1997) (noting that arguments not raised before the Veterans Court are considered abandoned)); *see also Andre v. Principi*, 301 F.3d 1354, 1363 (Fed. Cir. 2002) (finding no error in the Veterans Court's determination that the veteran waived arguments by failing to raise them in his principal brief). Therefore, even to the extent Mr. Gaines raises these issues on appeal, the Veterans Court's determination that these claims were abandoned was not erroneous.

For these reasons, we affirm the Veterans Court's dismissal of Mr. Gaines's appeal.

**AFFIRMED**

Costs

No costs.