NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARY A. PAREDEZ,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-2062

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-5401, Judge Amanda L. Meredith.

---

Decided:  December 14, 2020

---

MARY A. PAREDEZ, San Antonio, TX, pro se.

DAVID MICHAEL KERR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; MEGHAN ALPHONSO, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before PROST, *Chief Judge*, LOURIE and HUGHES, *Circuit Judges*.

PER CURIAM.

This appeal involves a claim for veterans' benefits. Appellant Mary A. Paredez appeals the decision of the United States Court of Appeals for Veterans Claims dismissing in part and affirming in part her appeal from the Board of Veterans' Appeals decision denying (1) entitlement to an initial disability rating in excess of 40 percent for fibromyalgia on a schedular or an extraschedular basis; (2) a disability rating in excess of 50 percent for dysthymic disorder with anxiety; (3) an effective date earlier than November 27, 2015, for the award of entitlement to disability compensation for fibromyalgia; and (4) a total disability rating based on individual unemployability (TDIU). *Paredez v. Wilkie*, No. 19-5401, 2020 WL 3163606 (Vet. App. June 15, 2020) (*Memorandum Decision*). For the reasons discussed below, we dismiss-in-part and affirm-in-part.

I

Ms. Paredez served on active duty in the U.S. Army from December 1982 to December 1990. Immediately following her discharge from military service, Ms. Paredez filed a claim for disability compensation for fibromyalgia. A VA regional office (RO) denied disability compensation for fibromyalgia in July 1991. That decision was not appealed and became final.

In April 2012, the RO awarded entitlement to disability compensation for dysthymic disorder with anxiety and assigned a 30 percent disability rating effective from April 2011. In June 2016, Ms. Paredez submitted a statement from her physician which indicated that Ms. Paredez had to retire from her job in the postal service because of her fibromyalgia. VA also received records reflecting a denial

of her Social Security disability claim based on fibromyalgia and other claimed conditions. *Memorandum Decision* at *1–2.

The RO issued a rating decision in July 2016 awarding entitlement to disability compensation for fibromyalgia with a 40 percent disability rating and increasing the rating for dysthymic disorder with anxiety from 30 percent to 50 percent, both effective November 2015. Ms. Paredez appealed, and the RO denied entitlement to a disability rating in excess of 50 percent for dysthymic disorder with anxiety, a disability rating in excess of 40 percent for fibromyalgia, an earlier effective date, service connection for fibromyalgia, and TDIU. Ms. Paredez appealed that decision to the Board. On July 16, 2019, the Board also denied those entitlements. The Board also found that Ms. Paredez had raised an issue of clear and unmistakable error (CUE) in prior rating decisions and referred the matter to the agency for a determination. *Id.* at *2.

Ms. Paredez appealed to the Veterans Court, which affirmed the Board's decision, including the Board's denial of a higher rating for fibromyalgia on an *extraschedular* basis. The Veterans Court dismissed the portions of Ms. Paredez's appeal concerning the Board's denial of entitlement to an increased disability rating for fibromyalgia on a *schedular* basis and the issue of CUE. *Id.* at *1. Ms. Paredez timely appealed to this court.

## II

The scope of this court's jurisdiction to review decisions by the Veterans Court is narrow. We may review decisions by the Veterans Court "on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter)" that the Veterans Court relied on in making its decision. 38 U.S.C. § 7292(a). But this court lacks jurisdiction to review "a challenge to a factual determination" or the application of law to fact unless the appeal presents a constitutional issue. 38 U.S.C.

§ 7292(d)(2); *see also Cook v. Principi*, 353 F.3d 937, 939 (Fed. Cir. 2003).

## A

Ms. Paredez states in her informal opening brief and reply brief that her appeal challenges the Veterans Court's interpretation of a statute, regulation, or constitutional provision. Appellant's Br. 2.[1] However, Ms. Paredez does not identify which rules of law, statutes, regulations, or constitutional provisions the Veterans Court relied upon. And the Veterans Court's decision she appeals from does not appear to concern the interpretation of any of the same. Instead, the Veterans Court reviewed the Board's factual determinations concerning the proper effective date and disability ratings, including entitlement to TDIU and extraschedular evaluations, for clear error and applied established law to the particular facts of Ms. Paredez's case. *Memorandum Decision* at *4–7. In so doing, the Veterans Court did not elaborate on the meaning of any rule of law, statute, or regulation. We cannot exercise jurisdiction without such an issue of legal interpretation to review. *Githens v. Shinseki*, 676 F.3d 1368, 1372 (Fed. Cir. 2012). Because Ms. Paredez's appeal raises only factual issues as to the Veterans Court's affirmance of the Board's denial of entitlement to a higher rating for fibromyalgia on an extraschedular basis, a higher rating for dysthymic disorder, an earlier effective date, and TDIU, we dismiss that portion of her appeal for lack of jurisdiction.

## B

Additionally, we liberally construe Ms. Paredez's informal briefs to challenge the Veterans Court's dismissal of

---

[1]    Citations to Ms. Paredez's informal brief and reply brief (and the pages and documents included therein) reflect the pagination applied by this court's electronic case files system, Docket Nos. 3 and 10, respectively.

the portion of her appeal concerning the Board's denial of entitlement to an initial disability rating in excess of 40 percent on a *schedular* basis. Appellant's Br. 2–3. In dismissing that part of her appeal, the Veterans Court did not cite to or elaborate on the meaning of any legal provision, but simply applied the well-established jurisprudential rule that issues not raised by an appellant are considered abandoned. *Memorandum Decision* at *1.

Ms. Paredez asserts that she could not have abandoned her appeal of the Board's denial of entitlement to a higher rating for fibromyalgia on a schedular basis because the Veterans Court recited that claim in its summary of the Board decision being appealed from. Appellant's Br. 2–3; *Memorandum Decision* at *1. However, merely appealing from a decision does not raise every issue in that decision on appeal. In order to adequately raise an argument, an appellant must develop the argument before the Veterans Court. We have repeatedly affirmed the Veterans Court's application of this maxim in dismissing veterans' appeals where, as here, even after liberally interpreting an appellant's informal brief, the Veterans Court can discern no argument regarding an issue. *See e.g.*, *Gaines v. McDonald*, 589 Fed. Appx. 993, 995 (Fed. Cir. 2015); *Andre v. Principi*, 301 F.3d 1354, 1362–63 (Fed. Cir. 2002).

Liberally construed, Ms. Paredez's informal briefs challenge only the Veterans Court's application of that principle to the facts of her case. However, we lack jurisdiction to review the application of law to facts. 38 U.S.C. § 7292(d)(2). We therefore lack jurisdiction to review the Veterans Court's determination that Ms. Paredez had abandoned the issue of entitlement to an increased disability rating for fibromyalgia on a schedular basis and we dismiss that portion of her appeal.

C

Finally, Ms. Paredez argues that the Veterans Court erred by concluding it lacked jurisdiction to review her

claim of CUE. Appellant's Br. 3. We have jurisdiction to review the Veterans Court's determination that it lacked jurisdiction over Ms. Paredez's CUE claim because that challenge concerns the Veterans Court's interpretation of its jurisdictional statute, 38 U.S.C. § 7252(a). *Andre*, 301 F.3d at 1358.

We find that the Veterans Court properly determined that it lacked jurisdiction over Ms. Paredez's CUE claim because the Board referred that claim to the agency and the Veterans Court has jurisdiction to "review referred matters only to the extent that the appellant argues that remand, rather than referral, was appropriate." *Memorandum Decision* at *1. The Board has not yet decided Ms. Paredez's CUE claim—instead, that claim has been referred to the agency for further development. The Veterans Court's jurisdiction is limited to reviewing final decisions of the Board. *Howard v. Gober*, 220 F.3d 1341, 1344 (Fed. Cir. 2000). If VA ultimately concludes that CUE does not exist as to the relevant prior rating decisions, Ms. Paredez may appeal that determination to the Board at that time. We therefore affirm the Veterans Court's dismissal of Ms. Paredez's CUE claim for lack of jurisdiction.

III

Because we lack jurisdiction to review the issues raised by Ms. Paredez in her appeal, we dismiss as to: 1) the Veterans Court's affirmance of the Board's denial of entitlement to a higher initial disability rating for fibromyalgia on an extraschedular basis, a higher disability rating for dysthymic disorder with anxiety, an earlier effective date for the award of entitlement to disability compensation for fibromyalgia, and TDIU; and 2) the Veterans Court's dismissal of her appeal as to the Board's denial of entitlement to a higher disability rating for fibromyalgia on a schedular basis. We affirm the Veterans Court's dismissal of Ms. Paredez's appeal concerning the issue of CUE.

**AFFIRMED IN PART, DISMISSED IN PART**

PAREDEZ v. WILKIE                                                    7

COSTS

No costs.