NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-7154

VINCENT R. TERIO,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: December 7, 2005

_____

Before LOURIE, RADER, and BRYSON, Circuit Judges.

PER CURIAM.

## DECISION

Vincent R. Terio ("Terio") appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying in part and dismissing as moot in part Terio's petition for a writ of mandamus.  Terio v. Nicholson, No. 05-528 (Vet. App. April 19, 2005) ("Decision").  Because we agree with the Veterans Court that Terio did not satisfy the criteria for a writ of mandamus, we affirm.

## BACKGROUND

Terio, who served on active duty from February 1948 through February 1950, claimed entitlement to service connection for a right ear disorder and a nasal disorder

on July 26, 1988. Appellant's App. at Ex. B. Terio has already established service connection for (1) cauliflower ear, (2) right ear hearing loss, (3) tinnitus, (4) deviated nasal septum, and (5) sinusitis. Appellee's Supplemental App. at 2; Appellant's App. at Ex. G.

Since July 1989, the Board of Veterans' Appeals (the "Board") has remanded Terio's claims to the Department of Veterans Affairs (VA) Regional Office (RO) six times. The Board remanded Terio's claims in January 1992, September 1995, December 1996, May 1997, and March 2001 to the RO for further development of the record, instructing the RO to obtain Terio's service medical records, Social Security Administration records, treatment records, and medical opinions. Appellant's App. at Ex. D, G, H, I; Appellee's Supplemental App. at 2-3. In January 2005, the Board remanded Terio's claims for a sixth time to afford him hearings on his disability claims, and also to ensure compliance with the Veterans Claims Assistance Act, which was enacted during the pendency of the appeal. Appellee's Supplemental App. at 4-7. Terio asked for another hearing on his disability claims after declining to testify as to these claims at an April 2003 hearing. Id. at 4.

On March 4, 2005, Terio filed a petition for a writ of mandamus in the Veterans Court, asserting that his various claims have been pending before the Board for over 14 years without resolution. Decision, slip op. at 1. He requested that the court order the Secretary of Veterans Affairs (the "Secretary") to separate his claims for service connection for disability benefits from his claims for vocational rehabilitation, afford him a hearing, and order a decision on his disability claims. Id.

The Veterans Court denied the petition on April 19, 2005, explaining that Terio had not satisfied the requirements for a writ of mandamus. Id. First, the court dismissed as moot Terio's request for separation of his claims because the Board had already remanded Terio's disability claims in one decision and disposed of his vocational rehabilitation claims in a separate decision. Id., slip op. at 2. Secondly, the court denied Terio's request for another hearing because the Board had remanded his disability claims for the requested hearing, and Terio failed to demonstrate any refusal by the Secretary to act. Id. Third, the court denied Terio's request for a decision as to his disability claims because Terio is currently appealing the Board's decision regarding those claims to the Veterans Court and "an extraordinary writ cannot be used as a substitute for an appeal." Id.

Terio timely appealed the decision of the Veterans Court. We have jurisdiction pursuant to 38 U.S.C. § 7292.

DISCUSSION

We review the denial of a petition for a writ of mandamus by the Veterans Court for abuse of discretion. Lamb v. Principi, 284 F.3d 1378, 1384 (Fed. Cir. 2002). While 38 U.S.C. § 7292 (d)(2) prohibits our review of factual matters and the application of law to fact, the statute does not limit our jurisdiction to review Veterans Court's decisions on mandamus petitions under the All Writs Act, 28 U.S.C. § 1651(a). Id. at 1381-82.

A writ of mandamus is a "drastic and extraordinary" remedy "reserved for really extraordinary causes." Cheney v. United States Dist. Court for Dist. of Columbia, 542 U.S. 367, 380 (2004) (citing Ex parte Fahey, 332 U.S. 258, 259-260 (1947)). To obtain mandamus, Terio must satisfy three conditions: (1) he must show that he has no other

adequate means to attain the relief he desires, a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process, (2) he must satisfy the burden of showing that his right to issuance of the writ is "clear and indisputable," and (3) the issuing court must be satisfied that the writ is appropriate under the circumstances. Id. at 380-81.

On appeal, Terio argues that the Board's procedures for processing his claims caused "unreasonable delays" that violated his rights under the Veterans' Benefits Improvements Act of 1994 ("VBIA") and the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution. Appellant's Informal Br. at 4-5. Section 302 of the VBIA requires the Secretary to "take such actions as may be necessary to provide for the expeditious treatment . . . of [a veteran's] claim that has been remanded by" the Veterans Court or the Board.[*] Pub. L. No. 103-446, § 302, 108 Stat. 4645, 4658 (1994). The government responds that the Veterans Court properly denied Terio's request for a writ of mandamus based upon the factual determination that the Secretary has not failed to act on Terio's claims. Appellee's Br. at 8-9. The government points out that Terio has not demonstrated that the Veterans Court's finding was an abuse of discretion. Id.

We agree that mandamus is not justified in this case. While we recognize that Terio's claims have been pending for many years, he has not alleged any facts that demonstrate a refusal by the Secretary to act or a deliberate attempt to delay the proceedings. Indeed, it is the Secretary's affirmative action in further developing the

---

[*] As of December 2003, Section 302 has been repealed in favor of two separate codified sections in title 38: § 5109B (dealing with remands from the Board) and § 7112 (dealing with remands from the Veterans Court).

record which has prolonged the proceedings. The purpose of remanding Terio's case each time he appealed the decisions of the RO was to give him every opportunity to support his claim through development of a complete record. Remand for lack of an adequate record is surely preferable to dismissal based on an inadequate record. As the Board's September 1995 opinion states, remand was necessary to ensure that the VA "has met its duty to assist the claimant in developing the facts pertinent to the claim and to ensure full compliance with due process requirements." Appellant's App. at Ex. G. Further, the Board remanded Terio's disability claims in January 2005 to accommodate Terio's specific request for a hearing on his disability claims. Because the length of the proceedings is "attributable to the pendency of the litigation," we cannot conclude that any delay in adjudicating Terio's disability claims was unreasonable. Lamb, 384 F.3d at 1383. Thus, Terio has not shown that he otherwise lacks adequate means to pursue the relief he desires, that his right to the writ is clear and indisputable, and that the writ is appropriate under the circumstances.

Finally, Terio requests that we order the Veterans Court to release records in this appeal. In as much as the Veterans Court has not issued a final decision in this case, and it is being remanded as well, that issue is moot.

We have considered Terio's remaining arguments and find them unpersuasive. Because the Veterans Court did not abuse its discretion in denying Terio's petition for writ of mandamus, we affirm.