## EX PARTE FAHEY, FEDERAL HOME LOAN BANK COMMISSIONER, ET AL.

No. 133, Misc.   Argued April 30, 1947.—Decided June 23, 1947.

*Oscar H. Davis* argued the cause for petitioners. With him on the brief were *Acting Solicitor General Washington, Assistant Attorney General Sonnett, Robert L. Stern, Paul A. Sweeney, Kenneth G. Heisler, Ray E. Dougherty* and *Mose Silverman.*

*Charles K. Chapman* and *Welburn Maycock* argued the cause for Hall, United States District Judge. With *Mr. Chapman* on the brief were *Peirson M. Hall, Wyckoff Westover* and *Harry O. Wallace.*

Mr. Justice Jackson delivered the opinion of the Court.

This petition by John H. Fahey, individually and as Federal Home Loan Bank Commissioner, and A. V. Ammann, individually and as Conservator for the Long Beach Federal Savings and Loan Association, invokes the original jurisdiction of this Court. They ask leave to file petition for a writ of "mandamus and/or prohibition and/or injunction" against Judge Peirson M. Hall of the United States District Court for the Southern District of California to vacate his order allowing fees to counsel in *Fahey* v. *Mallonee,* decided today, *ante,* p. 245, to prohibit any further allowance therein, and to enjoin any payments heretofore allowed.

While an appeal in the principal case was pending in this Court, application was made by various counsel for the plaintiffs and associated interests therein for allowance of fees aggregating some $125,000. The District Court allowed counsel for plaintiffs $50,000 as a partial payment on account of services, but withheld action on other applications. Certain costs and expenses of the plaintiffs in the amount of $17,295.13 were also ordered reimbursed.

The petition involves serious questions of law and of fact. Whether, because of the pendency of the appeal and the stay order granted therein, the District Court had power to entertain the application, whether before the final outcome of the case could be known an allowance was premature, whether the source of the fund on deposit with the court was so related to the services as to be subject to disbursement for their compensation, and whether one judge can make allowances in a case before a three-judge court, are, with other questions, much contested. We do not decide any question as to the merits.

Mandamus, prohibition and injunction against judges are drastic and extraordinary remedies. We do not doubt

power in a proper case to issue such writs. But they have the unfortunate consequence of making the judge a litigant, obliged to obtain personal counsel or to leave his defense to one of the litigants before him. These remedies should be resorted to only where appeal is a clearly inadequate remedy. We are unwilling to utilize them as substitutes for appeals. As extraordinary remedies, they are reserved for really extraordinary causes.

We find nothing in this case to warrant their use. An allowance of $50,000 will hardly destroy a twenty-six-million-dollar association during the time it would take to prosecute an appeal. The status of one of the applicants in the principal case is now settled so that he has standing to take all authorized appeals. We hold that the applicants' grievance is one to be pursued by appeal at the proper time and to the appropriate court, rather than by resort to our original jurisdiction for extraordinary writs.

The petition is

*Denied.*