EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Appellant,

v.

CARTER CARBURETOR, DIVISION OF
ACF INDUSTRIES, INC., International
Union, United Automobile, Aerospace &
Agric. Implement Workers Local 819
and International Union, United Auto-
mobile, Aerospace & Agric. Implement
Workers of America, Appellees.

No. 77–1657.

United States Court of Appeals,
Eighth Circuit.

Submitted March 16, 1978.

Decided May 30, 1978.

Rehearing and Rehearing En Banc
Denied June 22, 1978.

Marilyn S. G. Urwitz, Atty., E.E.O.C., Washington, D.C., for appellant; Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Jr., Associate Gen. Counsel, and Lutz Alexander Prager, Atty., E.E.O.C., Washington, D.C., on briefs.

Thomas C. Walsh, St. Louis, Mo., for appellees; Hollye E. Stolz, St. Louis, Mo., on brief.

Before BRIGHT and ROSS, Circuit Judges, and LARSON,* Senior District Judge.

ROSS, Circuit Judge.

The Equal Employment Opportunity Commission (EEOC) appeals from a discovery sanctions order entered by the district court on February 10, 1977. The defendants, Carter Carburetor, Division of ACF Industries, Inc., Local 819 of the United Automobile, Aerospace and Agricultural Implement Workers of America, and the international union, moved to dismiss the appeal for lack of jurisdiction. That motion was denied without prejudice on November 2, 1977, and is presently before this court along with the merits.

I.

On July 17, 1975, the EEOC filed suit against Carter Carburetor and the union

* The Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation.

defendants pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. The EEOC alleged that the defendants had discriminated on the basis of race with regard to hiring, promotion, apprenticeship, training, job classification, and discharge. It also alleged sex discrimination with regard to maternity leave and disability benefits. It sought to permanently enjoin the defendants from engaging in any employment practice which discriminates because of race or sex. It also sought an order that the company institute and carry out policies, practices and affirmative action programs providing equal employment opportunities for Negroes and women to eradicate the effects of past discrimination; an order that the company make whole the persons adversely affected by the unlawful employment practices; and other necessary and proper relief.

The complaint was based upon a charge of racial discrimination filed with the EEOC by Wendell Holmes, Charles Gamble, Otha Lewis, and Charles Peoples; and on a charge of sex discrimination filed on behalf of Sandra Moore.

Since its inception this litigation has been plagued by discovery problems caused, to some extent, by antagonistic and noncooperating counsel from both the company and the EEOC. The order in dispute arose from Carter Carburetor's second set of interrogatories which was served on the EEOC on or about August 13, 1976. Through these interrogatories Carter Carburetor sought, *inter alia,* identification of every individual who had been affected by each discriminatory policy alleged. The EEOC requested a stay on answering the 11 interrogatories seeking identification of discriminatees. That motion was denied on November 4, 1976, and the EEOC filed its supplemental answers on December 20, 1976. It responded, essentially, that it would be unable to identify other acts of discrimination until it had completed discovery. It stated that, in

accordance with Rule 26(e) of the Federal Rules of Civil Procedure, it would supplement its responses to the interrogatories.

On December 30, 1976, Carter Carburetor moved for sanctions against the EEOC for its wilful refusal to answer interrogatories.[1] The motion was set for argument on February 4, 1977. However, at that time, the district court ordered the parties to confer and reach a conclusion.

When no satisfactory resolution was reached by February 10, 1977, the district court entered its memorandum and order finding that, under the circumstances, sanctions were appropriate. The court found that dismissal was too harsh a sanction because the questions which the EEOC had not answered concerned only individuals other than those specified in the triggering charges. The following order was entered on February 10, 1977:

> For the purposes of this action, the following facts shall be taken to be established:
>
> (1) The defendant Carter Carburetor Company did not discriminate against any person on the basis of race, with the possible exception of Wendell Holmes, Charles Gamble, Otha Lewis, or Charles Peoples, as to which individuals plaintiff shall bear the burden of proof at trial;
>
> (2) The defendant Carter Carburetor Company did not discriminate against any person on the basis of sex, with the possible exception of Sandra Moore, as to whom the Commission shall bear the burden of proof at trial.
>
> IT IS FURTHER ORDERED that at the trial of this matter the plaintiff shall be prohibited from offering any evidence as to any discrimination by defendant against any person other than Wendell Holmes, Charles Gamble, Otha Lewis, Charles Peoples or Sandra Moore.

---

1. Although there had been negotiations prior to November 4, 1976, this particular motion was not preceded by a motion to compel different answers to the interrogatories nor a discovery negotiating conference pursuant to Rule 7(c)(5) of the Court Rules for the Eastern District of Missouri.

IT IS FURTHER ORDERED that the plaintiff shall pay to defendant Five Hundred Dollars ($500.00) attorneys' fees incurred as a result of plaintiff's failure to provide discovery.

The EEOC filed a motion to reconsider, which was denied, and then appealed from the sanctions order.

## II.

*Jurisdiction.*

Carter Carburetor contends that the sanctions order is not appealable and this court does not have jurisdiction of the purported appeal. The EEOC argues that the order is immediately appealable under the collateral test of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Alternatively, the EEOC contends that since the effect of the order is to prevent it from proving the nature, extent and duration of Carter Carburetor's discriminatory policies, it will not be able to get injunctive relief against many discriminatory practices alleged in its complaint. Thus, the EEOC argues, it is appealable under 28 U.S.C. § 1292(a)(1) as a denial of an injunction.

Because we find that the district court exceeded its power in issuing the sanctions order and mandamus is an appropriate remedy, we do not reach the jurisdictional contention raised by the parties.

We acknowledge that mandamus is not to be used as a substitute for appeal. *See Schlagenhauf v. Holder*, 379 U.S. 104, 110, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), *citing Ex parte Fahey*, 332 U.S. 258, 259–60, 67 S.Ct. 1558, 91 L.Ed. 2041 (1947). However, the writ is appropriate when there is "usurpation of judicial power" or "a clear abuse of discretion." *Schlagenhauf v. Holder, supra,* 379 U.S. at 110, 85 S.Ct. 234, *citing Bankers Life & Casualty Co. v. Holland,* 346 U.S. 379, 383, 74 S.Ct. 145, 98 L.Ed. 106 (1953). After reviewing the history of discovery in this case and the manner in which the sanctions order was entered, we find this an appropriate case for the issuance of a writ of mandamus.

## III.

*Discovery Background.*

Because the history of discovery significantly influenced our decision we will set forth, in detail, what has transpired.

In the course of discovery the EEOC has filed two sets of interrogatories addressed to defendant Carter Carburetor. Through its first set of 11 interrogatories, filed on August 18, 1975, the EEOC sought detailed information about Carter Carburetor's computer or electronic data processing equipment, including but not limited to, locations of computers, programming information, and capabilities of the computers.

On September 17, 1975, Carter Carburetor filed objections to these interrogatories as irrelevant to the issues. It contended that most of the computer information requested was confidential and privileged trade secrets. It further alleged that the assembly of the information sought would require the expenditure of hundreds of man-hours of time and was oppressive and burdensome.

Although the EEOC filed a second set of interrogatories on September 22, 1975 (see below), it filed a motion for an order to compel answers to the first set of interrogatories on October 14, 1975. That motion was denied on November 26, 1975, and the EEOC was ordered to amend its first set of interrogatories.

On December 9, 1975, the EEOC filed its amended first set of interrogatories. It continued to seek computer information, including software, but narrowed its request to equipment used for the input, storage or retrieval of personnel information. It also asked about Carter Carburetor's maintenance of computer files containing personnel information.

Carter Carburetor again objected to these types of interrogatories as being irrelevant and not designed to lead to the discovery of any admissible evidence. It again contended that the computer program information was a privileged trade secret.

On August 31, 1976, the EEOC's second motion for an order to compel answers to its first set of interrogatories was overruled.

The EEOC filed its second set of 65 interrogatories on September 22, 1975, shortly after Carter Carburetor objected to its first interrogatories. Included in the second set of interrogatories were detailed questions about labor organizations representing Carter Carburetor's employees; the racial composition of various positions within the company since July 2, 1965 (the effective date of Title VII); the job qualifications for each job category; lines of progression in each department; information contained in any log or record the company maintained of job applicants or apprenticeship applicants; information about the company's employee recruitment, hiring and apprenticeship committees and their policies; all individuals hired since July 2, 1965, their race, date of hire, referral source, job title, pay rate and department; applicant rejections, their race and the reason for rejection; whether any positions in the company had never been filled by a black person, or had never been filled by a white person; any testing program for hiring or promotional purposes; a job description for each position at the company; the company's training programs, transfer policy and policy regarding disciplinary action and demotions; the company's layoff, recall and discharge policies; employee benefit plans; whether employees retain their seniority and benefit rights while on maternity leave; and names of all employees who had been granted either temporary or maternity leave since July 2, 1965.

On November 10, 1975, Carter Carburetor filed its objections to the EEOC's second set of interrogatories. It contended that the time frame, from July 2, 1965, to the date of the answers, was overbroad and irrelevant and, therefore, the interrogatories were oppressive and burdensome. It next alleged that the EEOC's requests for information concerning general policies and practices were "totally unrelated to the only specific and possibly valid charge of employment discrimination upon which the

Commission statutorily bases its lawsuit against [Carter Carburetor]." Carter Carburetor alleged that the EEOC's complaint was barren of factual allegations and it was using the discovery process to ascertain the basis for the lawsuit. It did not answer any of the EEOC's second set of interrogatories.

The EEOC filed a motion for an order to compel answers to its second set of interrogatories on April 9, 1976. In its memorandum in support of this motion the EEOC alleged that the parties had met informally on two occasions in an attempt to resolve their discovery problems. It admitted that Carter Carburetor had produced material relevant to its maternity leave policies and had agreed to allow the EEOC access to the personnel records of approximately 2,000 current employees and 15,000 inactive employees. However, Carter Carburetor had restricted access to the records of current employees to nonbusiness hours. Furthermore, the records were arranged alphabetically rather than chronologically. The EEOC contended that the restrictions imposed an unreasonable and unnecessary burden on it. It also contended that Carter Carburetor had failed to answer or specifically object to each interrogatory individually. The district court did not rule on this motion until August 31, 1976, when it ordered Carter Carburetor to make separate answers or specific objections to each interrogatory.

On October 7, 1976, Carter Carburetor, pursuant to the August 31 order, filed its answers and objections to the EEOC's second set of interrogatories. It made a general objection to the time frame for which information was sought, and gave specific answers to, or indicated that it would offer access to files containing the answers to, the interrogatories. The EEOC contends that it was not until this date, October 7, 1976, that it was able to begin meaningful inspection and analysis of Carter Carburetor's personnel files.

Carter Carburetor also filed two sets of interrogatories. Its first set of 107 interrogatories was filed on September 2, 1975.

Carter Carburetor asked, *inter alia,* the names of the charging parties and the charges upon which the law suit was predicated; for production of documents reflecting information about the charges filed with the EEOC; the names of persons with information about the charges and production of their statements or reports; facts constituting the basis for the charges of continuing racial and sexual discrimination in the various respects alleged; the names of persons with information about the alleged continuing discrimination and production of their statements; and other practices and policies that the EEOC contended violated Title VII.

On October 7, 1975, the EEOC filed its answers and objections to Carter Carburetor's interrogatories. It agreed, pursuant to Rule 33(c) of the Federal Rules of Civil Procedure, to make available at its Chicago office, the files underlying the litigation "to the extent that they are available in answer to the Interrogatories propounded by Defendant * * * for inspection and copying at a time to be agreed upon by counsel." The EEOC also answered Carter Carburetor's interrogatory number 2, giving information about the underlying charges. None of Carter Carburetor's 106 other interrogatories was specifically answered. In answer to all requests for documents and other production the EEOC stated:

> The Commission's "Log of Conciliation Efforts", intraoffice memorandum, and EEO–1 Reports will not be voluntarily produced to counsel for [Carter Carburetor], and the Commission objects to answering the interrogatories requesting identification thereof further on the ground that the information sought is irrelevant and its production would violate §§ 706(b) and 709(e) of Title VII, as amended, 42 U.S.C. § 2000e–5(b), 8(c) [§ 2000e–8(e)] (Supp. II, 1972).

The EEOC further objected to the production of any abstract documents or records prepared by their attorneys as being privileged attorney work product, where the underlying information is available to Carter Carburetor. Finally, the EEOC objected to answering Carter Carburetor's interrogatories because the assembling of answers would be unduly burdensome and oppressive and Carter Carburetor "already has the facts in their possession."

No further action was taken on these interrogatories and on August 13, 1976, Carter Carburetor filed its second set of 17 interrogatories. It is those questions that underlie the sanctions order presently before this court. Carter Carburetor requested the names of individuals and dates of incidents of discrimination for every allegedly discriminatory act not involving one of the charging parties (numbers 1–11).[2] It also sought the names and addresses of persons with knowledge of discriminatory practices against the charging parties (number 12); information about EEOC investigations of five specific charges against Carter Carburetor (numbers 13–16); and the EEOC's "determination" in each of those five charges (number 17).

On September 3, 1976, the EEOC responded. It moved to stay answering interrogatories numbers 1 through 11, requesting information on other acts of discrimination, until Carter Carburetor answered the EEOC's interrogatories; it objected to interrogatories numbers 12 through 16 on the basis of relevancy; and it answered interrogatory number 17 stating that the exhibits were true copies of its determinations in the five charges.

Carter Carburetor opposed the EEOC's stay motion and also filed a motion for an order to compel the EEOC to answer interrogatory number 12. No other interrogatory was mentioned in that motion.

---

**2.** It is interesting to note that both of Carter Carburetor's sets of interrogatories requested information which the EEOC could not have provided prior to inspection of the personnel records of Carter Carburetor. Although Carter Carburetor offered the EEOC access to its personnel records at a negotiating conference in March of 1976, it had not at that time, provided specific, and individual answers to the EEOC's interrogatories. It was not until October 7, 1976, that the EEOC could conduct a meaningful analysis of those records.

On November 4, 1976, the district court overruled the EEOC's motion to stay its answers to the 11 interrogatories and sustained Carter Carburetor's motion to compel the EEOC to answer interrogatory number 12.

The EEOC supplemented its answers to Carter Carburetor's second set of interrogatories on December 20, 1976. In response to every interrogatory requesting names of individuals who had been discriminated against and dates of the alleged acts of discrimination, the EEOC stated:

(a) The Commission is unable at this time to identify other individuals until it has completed its discovery. The Commission will in accordance with Rule 26(e) of the Federal Rules of Civil Procedure, supplement responses to the Defendant Carter Carburetor's Second Set of Interrogatories to Plaintiff.

(b) The Commission is unable at this time to state the date of each alleged act of discrimination until it has completed discovery.

Without any further objection to these responses or a motion to compel further answers, on December 30, 1976, Carter Carburetor filed a motion for sanctions against the EEOC because of its wilful refusal to answer interrogatories. After filing its sanctions motion Carter Carburetor denied the EEOC further access to its personnel records.[3]

### The Sanctions Motion and Order.

On February 4, 1977, the parties appeared for argument on Carter Carburetor's motion for sanctions. After Carter Carburetor presented its case for the sanctions order, the EEOC contended that the motion was inappropriate since there had been no motion to compel and no compliance with a local court rule pertaining to a discovery negotiating conference. Carter Carburetor contended that all the prerequisites to a sanctions motion had been met. The district court did not rule on the sanctions order at that time. Instead he ordered the parties to confer. He stated that if the parties did not come to a conclusion he would entertain motions to compel and for sanctions on Monday (February 7, 1977).

The EEOC apparently agreed to supplement its answers within 15 days. This was not satisfactory to Carter Carburetor and the company's attorney wrote a letter to the district judge stating that the court should take action under Rule 37(b) of the Federal Rules of Civil Procedure in accordance with Carter Carburetor's pending motion. Without allowing the EEOC to respond, the district court entered its sanctions order on February 10, 1977.

### IV.

■ Because of the way in which *both parties* have proceeded, or failed to proceed with discovery, and the manner in which the sanctions order was entered, we find that the district court exceeded its judicial power in limiting the evidence which the EEOC can present in this case.

It can readily be seen, in reviewing the record, that *both* the EEOC and Carter Carburetor have displayed dilatory tactics during the discovery period. Numerous motions to compel discovery have been filed. Subsequent to denial of its motion requesting a stay in answering the last of Carter Carburetor's interrogatories, the EEOC *did* file purported responses. Carter Carburetor filed no formal objection to those responses and no motion to compel further answers.[4] Instead the company immediately filed its motion for sanctions.

---

3. During this discovery period the parties also bickered over requests for admissions, depositions, and the production of documents.

4. Carter Carburetor contends, and the district court found, that the December 20, 1976 responses filed by the EEOC were, in fact, not answers to the interrogatories, and the EEOC had "wilfully ignored" the order denying the EEOC's motion to stay. We cannot agree with this characterization of wilful disobedience. The EEOC did attempt to respond and was given no notice that its responses were not satisfactory prior to Carter Carburetor's motion for sanctions.

Although the motion was set for argument on February 4, 1977, the EEOC never had the opportunity to present its position. After the EEOC contended that the motion was premature, the district court ordered the parties to meet in an attempt to resolve their differences. At that meeting the EEOC agreed to supplement its responses within 15 days. For some reason that was not satisfactory to the company.

After receiving an ex parte letter from Carter Carburetor and without ever hearing from the EEOC, the district court entered its order on February 10, 1977. We find these procedures leading to the sanctions to be highly irregular. We also note that the record is clear that the dilatory tactics of Carter Carburetor, in regard to discovery, are at least the equal of the tactics of the EEOC. This is a classic case of abuse of the discovery process.

For these reasons we issue an order of mandamus ordering the district court to withdraw its order of February 10, 1977. However, we do not condone the dilatory actions of either party and we suggest that the district court establish a strict, but reasonable, timetable for the continuation of discovery in the matter, requiring full cooperation from the attorneys for Carter Carburetor as well as the EEOC. All costs of this action shall be taxed to Carter Carburetor.

It is so ordered.