OFELIA LUNA, LERA MACEBALE,                )    CIVIL ACTION NO. 84-0004
a/k/a SHIRLEY BERNARDO, EVA                )
TEDASA, a/k/a BRENDA BELTRAN,              )
                                           )
              Plaintiffs,                  )
                                           )
       vs.                                 )         DECISION AND ORDER
                                           )
YOSHIO KAMATA and YANO                     )
ENTERPRISES, INC.,                         )
                                           )
              Defendants.                  )
                                           )

       This is a Motion for Order Entering a Default Judgment in favor of plaintiffs and against defendant Yoshio Kamata for wilful fraud upon this Court. The facts upon which this motion is based are as follows:

       On December 6, 1984, in open court with both counsels present, this matter was set for trial, commencing March 11, 1985.

       On March 7, 1985 counsel for defendant filed an ex parte motion to continue the trial, because the defendant, Yoshio Kamata, was in Japan for a medical checkup and would not return to Saipan until March 28, 1985. Attached to this motion was the signed declaration of Misako Kamata, the defendant's daughter, stating that her father "is in Japan now for a medical checkup and will return on March 28, 1985." Defendant's counsel stated

AO 72
(Rev.8/82)

in the motion that counsel for plaintiffs did not oppose such motion if the reason defendant Kamata was off the island was for a medical checkup. A hearing was had on this motion in the Judge's chambers on March 7, 1985, with both counsels and defendant's daughter present. The Court was satisfied that defendant would be unable to be present on March 11th, the day of trial, for medical reasons.

Based on the above assertions, and the Court's belief, the Court granted defendant's motion for a continuance. Trial was rescheduled to commence April 8, 1985.

It has now come to the Court's attention that defendant was not in Japan for a medical checkup on March 7th, but was in the Philippines for reasons he has refused to disclose. No reason is proferred, advanced or given as to why he could not have returned to Saipan in time for the trial.

It is undisputed that defendant left Saipan on March 5th and traveled to Japan. Defendant has produced a document from a hospital in Japan stating that defendant was examined there on March 5th and March 6th, 1985. It is further undisputed that defendant traveled from Japan to the Philippines on March 7th, and returned to Japan on March 15th. Defendant then returned to Saipan on March 28, 1985.

Defendant's counsel alludes to discussions between he and plaintiffs' counsel regarding a possible continuance of the trial based upon the taking or non-taking of a deposition of Mr. Kamata on March 7th. This discussion, however, was had on March

AO 72
(Rev.8/82)

6th, a day after Mr. Kamata had already left. It should be noted, for counsel's enlightenment, that discussions and even stipulations between counsels for continuance of a trial date do not provide sound basis for advising clients to disregard trial dates that have been set by the Court. The proof of a continuance such as this lies in the signature of the Court appended upon such an order.

There is a also suggestion that defendant went to the Philippines on the 7th after the Court had granted defendant's motion for continuance of the trial. There is no evidence, declaration or affidavit, however, and there is no other indication that Mr. Kamata was informed of the Court's decision on March 7th to continue the trial scheduled for the following Monday. The Court must therefore conclude that when Mr. Kamata left Saipan on March 5th, he had no intention of returning for the trial on March 11th but had previously made plans to go to the Philippines instead for reasons unknown to this Court. Defendant's counsel has stated that Mr. Kamata may not have been aware that trial was scheduled for March 11th, but there is nothing in the record to support this statement. Moreover, at the hearing on March 7th, defendant's counsel stated to the Court that Mr. Kamata had not informed him until the "last minute" that he was leaving. It is difficult to perceive that the impending trial was not brought to Mr. Kamata's attention at least by this late date.

Therefore, it is clear that a wilful misrepresentation

130

was made to the Court to induce it to continue the trial scheduled for March 11, 1985. Such a fraud upon the Court cannot be tolerated. In setting aside a judgment, for fraud upon the Court, the United States Supreme Court has said:

> [T]ampering with the administration of justice in the manner undisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated with the good order of society. Surely it cannot be that preservation of the integrity of the judicial process must always wait upon the diligence of litigants. The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 9976, 88 L.Ed. 1250 (1944).

These words are especially appropriate here. The fraud in this case was undoubtedly wilful, and appears to have been premeditated. Certainly, no attempt was ever made to remedy any possible misunderstanding that might initially have caused a misrepresentation to be made to the Court. Rather, vague, disjointed, and often contradictory excuses have been offered for Mr. Kamata's deliberate failure to appear for the trial scheduled to commence on March 11, 1985.

The Court finds that the entry of a Default Judgment in favor of plaintiffs and against defendant Yoshio Kamata, on the issue of liability is, therefore, warranted and such Judgment

AO 72
(Rev.8/82)

131

will be entered accordingly. The question of damages will be determined by the jury at trial, commencing April 8, 1985 at 9:00 a.m.

IT IS SO ORDERED.

DATED this _____3ᵈ_____ day of April, 1985.

_____
JUDGE ALFRED LAURETA