**In re John K. KERSHAW, et ux., Petitioners,**

v.

**The Honorable George PAINE, II, etc., Respondent.**

Civ. A. No. 3:87–0165.
Bankruptcy No. 383–00432.

United States District Court,
M.D. Tennessee,
Nashville Division.

Jan. 22, 1988.

John K. Kershaw, pro se.
R. Gail Reese, Nashville, for respondent.

## MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge,
Sitting by Designation and Assignment.

The debtors moved for a new trial and an amended judgment. Rule 59, F.R.Civ.P. This Court dismissed the complaint herein on the ground that its jurisdiction under either 28 U.S.C. §§ 1361 or 1651(a) had not been invoked properly. *See* order herein of November 12, 1987, 79 B.R. 734.

In support of their motion, the debtors claim that "[t]he Court has placed this case at issue upon the response of a non-party." The trustee is a proper party in this cause, Rule 21(b), F.R.App.P.; thus, such claim is devoid of merit.

The debtors claim also that "[t]he Court has overlooked the position of [such debtors] which rests on the assertion that a federal officer has failed to perform ministerial and mandated duties. * * *" The Court has not overlooked such position. *See* order of November 12, 1987, *supra.*

The debtors claim that "[t]he Court has made findings upon no testimony and no hearing." A hearing in this cause was not required; this Court based its finding upon the voluminous record and the pertinent law.

The debtors claim further that "[t]he Court erroneously finds improper invocation of 28 U.S.C. [§§] 1361 and * * * 1651" and that "[t]he Court erroneously considered that the jurisdictional scope of mandamus was limited to situations where there was no possibility of appeal and a clear abuse of discretion by a [United States] Official * * *." The Court finds these contentions and the arguments supporting them to be without merit.

The Supreme Court of the United States has held that "[m]andamus, prohibition and

injunction against judges are drastic and extraordinary remedies. We do not doubt power in a proper case to issue such writs. But they have the unfortunate consequence of making the judge a litigant, obliged to obtain personal counsel or to leave his defense to one of the litigants before him. These remedies should be resorted to only where appeal is clearly an inadequate remedy. We are unwilling to utilize them as a substitute for appeal. As extraordinarily remedies, they are reserved for really extraordinary causes." *Ex parte Fahey,* 332 U.S. 258, 260, 67 S.Ct. 1558, 1559, 91 L.Ed. 2041 (1947).

The Court does not find this matter *sub judice* to be a really extraordinary cause. Furthermore, "[w]rits in the nature of mandamus [under 28 U.S.C. § 1651] are to compel an administrative officer to do a nondiscretionary administrative act." *Finley v. Chandler,* 377 F.2d 548 (9th Cir.1967).

The debtors claim additionally that "[t]he Court has overlooked a proper motion for Default Judgment * * *." It is true that the Court did not rule on the motion. Such motion hereby is DENIED.

As none of the debtors' arguments herein have merit, the motion herein is

DENIED.