NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1129
_____

UNITED STATES OF AMERICA, ex rel.
YOASH GOHIL

v.

AVENTIS PHARMACEUTICALS, INC.; SANOFI-AVENTIS U.S. INC.;
AVENTIS, INC., JOHN DOES # 1-50, Fictitious Names

Yoash Gohil,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
No. 02-cv-02964
District Judge: Hon. Petrese B. Tucker

Submitted pursuant to Third Circuit LAR 34.1(a)
October 1, 2009

Before: McKEE, *Chief Circuit Judge*, CHAGARES and NYGAARD,
*Circuit Judges*

(Opinion filed: July 23, 2010)

OPINION

McKEE, *Chief Circuit Judge*.

1

In this action under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33, relator

Yoash Gohil appeals the district court's December 22, 2008 order granting defendants'

motion to compel responses to discovery requests. Gohil originally appealed the district

court's order under the collateral order doctrine, pursuant to which we have allowed

interlocutory appeals of discovery orders that require disclosure of privileged or

confidential information. *See In re Ford Motor Co.*, 110 F.3d 954, 964 (3d Cir. 1997);

*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). However, while that appeal

was pending, the Supreme Court held that we do not have jurisdiction to review such

orders under the collateral order doctrine. *See Mohawk Indus., Inc. v. Carpenter*, 130 S.

Ct. 599, 609 (2009).[1] Gohil now asks us to exercise our mandamus jurisdiction and

vacate the district court's order. For the reasons that follow, we decline Gohil's request

to exercise mandamus jurisdiction.

## I.

Because we write primarily for the parties, we will recite only as much of the facts

and history of this case as is helpful to our brief decision.

Soon after filing his amended *qui tam* complaint in federal court,[2] Gohil filed an

---

[1] The Supreme Court's decision in *Mohawk* addressed orders compelling disclosure of information that was allegedly protected by the attorney-client privilege. *Mohawk*, 130 S.Ct. at 609. Gohil acknowledges the Court's holding also applies to interlocutory appeals of orders requiring production of material alleged to be attorney work product. *See* Appellant Suppl. Br. at 2.

[2] Gohil filed the original action under seal on May 17, 2002 and filed a second amended complaint in February of 2007.

action in state court against Aventis seeking recovery under New Jersey law for constructive termination and retaliation. That case was settled in October of 2005 after three years of litigation, including discovery.

While that case was pending, Gohil continued to communicate with government attorneys in an effort to have the federal government intervene under 31 U.S.C. § 3730. On February 9, 2007, after the government refused to intervene, Gohil filed a second amended *qui tam* complaint in federal court.[3]

Since the federal court would not have had jurisdiction over Gohil's *qui tam* suit under the FCA if the underlying allegations in that suit were based on information that had been publicly disclosed, Aventis moved for discovery on the issue of the court's subject matter jurisdiction under 31 U.S.C. § 3730(e)(4)(A) (2009).[4] That jurisdictional

_____

[3] "On March 23, 2010, the President signed into law the Patient Protection and Affordable Care Act, Pub. L. 111-148, 124 Stat. 119. Section 10104(j)(2) of this legislation replaces the prior version of 31 U.S.C. § 3730(e)(4) with new language. The legislation makes no mention of retroactivity, which would be necessary for its application to pending cases." *Graham County Soil and Water Conservation Dist. v. United States ex rel Wilson*, 130 S. Ct. 1396, 1400 n.1 (2010). Because the amendment does not apply to the case at hand, when we discuss 31 U.S.C. § 3730(e)(4), we will use the present tense of the statute as it existed at the time this case was submitted. *See id.* ("Throughout this opinion, we use the present tense in discussing [31 U.S.C. § 3730(e)(4) (2009)] as it existed at the time this case was argued.").

[4] 31 U.S.C. § 3730(e)(4)(A) (2009) states:

No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government [sic] Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person

bar is only lifted if the plaintiff can show that, even if the information had been disclosed publicly, the plaintiff is an "original source of the information." 31 U.S.C. § 3730(e)(4)(B) (2009).[5] Aventis sought discovery because it claimed that it would establish that the information Gohil's suit was based upon had been publicly disclosed in the course of the employment suit he had brought in state court in New Jersey and that the suit under the FCA was therefore barred under 31 U.S.C. § 3730(e)(4) (2009). The district court granted Aventis's motion and allowed Aventis to "take discovery relevant to subject matter jurisdiction of the Court over Plaintiff/Relator's Second Amended Complaint." J.A. 16.

Thereafter, Aventis requested production of Gohil's communications with the government. However, Gohil resisted, asserting that those communications were privileged. Aventis insisted that it needed those communications to determine whether Gohil had first-hand knowledge of the facts alleged in his second FCA complaint and moved to compel.[6]

By order dated July 2, 2008, the district court denied Aventis's motion to compel.

---

bringing the action is an original source of the information.

[5] The statute defines "original source" to mean "an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information." 31 U.S.C. § 3730(e)(4)(B) (2009).

[6] We note that the government filed a statement of interest supporting Gohil's position that the information Aventis sought was privileged.

However, the court allowed Aventis to proceed with deposing Gohil. It appears that that deposition was particularly contentious. After deposing Gohil, Aventis renewed its motion. The court responded by reviewing the Disclosure Statements "to determine if Defendants should be permitted to re-depose Plaintiff/Relator, and/or if Defendants should be provided with a redacted version of the Disclosure Statements." J.A. 22

After reviewing those documents, the district court concluded that the requested information was not protected by any privilege and granted Aventis's motion to compel and ordered Gohil to respond to Aventis's discovery requests on December 22, 2008. This appeal followed.

## II.

In *Mohawk*, the Supreme Court held that "the collateral order doctrine does not extend to disclosure orders adverse to the attorney-client privilege." 130 S. Ct. at 609. However, the Court in *Mohawk* also made clear that "in extraordinary circumstances-*i.e.*, when a disclosure order 'amount[s] to a judicial usurpation of power or a clear abuse of discretion,' or otherwise works a manifest injustice-a party may petition the court of appeals for a writ of mandamus." *Id.* at 607 (quoting *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 390 (2004)). Accordingly, Gohil asks that we now exercise mandamus jurisdiction and issue a writ under the All Writs Act, 28 U.S.C. § 1651, reversing the district court's order compelling him to respond to Aventis's discovery requests.

As the Supreme Court reiterated: "Mandamus is a 'drastic and extraordinary'

5

remedy 'reserved for really extraordinary causes.'" *Cheney*, 542 U.S. at 369 (quoting *Ex parte Fahey*, 332 U.S. 258, 259-60 (1947)). We have held that:

> Three conditions must be satisfied for the issuance of a writ of mandamus: (1) there must be no other adequate means to attain the relief sought; (2) the right to issuance of the writ must be clear and indisputable; and (3) the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.

*In re Pressman-Gutman Co., Inc.*, 459 F.3d 383, 399 (3d Cir. 2006) (internal quotation marks omitted); *see also Cheney*, 542 U.S. at 380-81. In weighing the interests of litigants, the Court in *Mohawk* explained that "postjudgment appeals generally suffice to protect the rights of litigants and assure the vitality of the attorney-client privilege." 130 S. Ct. at 606. Moreover, the Court concluded that "deferring review until final judgment does not meaningfully reduce the *ex ante* incentives for full and frank consultations between clients and counsel." *Id.* at 607. The Court also noted that "[w]e routinely require litigants to wait until after final judgment to vindicate valuable rights, including rights central to our adversarial system." *Id.* at 606.

Even if we assume *arguendo* that it is "clear and indisputable" that parts of the Disclosure Statements are protected, as Gohil claims, we nevertheless remain far from convinced that there is no other adequate means for him to obtain relief, or that the writ is an appropriate remedy in this case. *See In re Pressman-Gutman*, 459 F.3d at 399. Gohil's only argument to the contrary is that Aventis will gain insight into his litigation strategy from the documents he would be forced to produce. Appellant's Suppl. Br. at 5.

We are not convinced. The documents or statements that Gohil argues require redaction as "core work-product" in the sealed appendices by no means reveal a complete litigation strategy. For example, while words like "key" or "very important" are used to describe potential witnesses, the labels are not explained in detail. That this "order adverse to . . . privilege may . . . harm [Gohil] in ways that are only imperfectly reparable" is neither a basis for collateral appeal of this order nor the issuance of a writ. *Mohawk*, 130 S. Ct. at 608 (internal quotation marks omitted).

Moreover, the "district judge can better exercise [his or her] responsibility [to police the prejudgment tactics of litigants] if the appellate courts do not repeatedly intervene to second-guess prejudgment rulings." *Id.*, 130 S. Ct. at 605 (internal quotation marks omitted) (quoting *Richardson-Merrell Inc. v. Koller*, 472 U.S. 424, 436 (1985)).

Accordingly, we are not convinced that the extraordinary relief afforded by mandamus is appropriate and we will therefore refuse to exercise mandamus jurisdiction.