**ECO-020**                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4452
_____

In Re:  PA CHILD CARE, LLC;
WESTERN PA CHILD CARE, LLC;
MID-ATLANTIC YOUTH SERVICES,
Petitioners
_____

Petition for Writ of Mandamus
Directed to the U. S. District Court for the
Middle District of Pennsylvania
(D.C. Civil Nos. 3-09-cv-00286, 3-09-cv-00291, 3-09-cv-00357,
3-09-cv-00630, 3-09-cv-02535 and 3-10-cv-00797)
_____

Submitted Pursuant to Fed. R. App. Pro. 21
December 19, 2012

Before:  RENDELL, FISHER and JORDAN, Circuit Judges

(Opinion Filed: January 18, 2013)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Petitioners seek a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651(a),

directing the District Court to set aside its discovery order entered on October 31, 2012,

and ordering certain discovery to be produced, namely expunged juvenile records.

Further, they seek an order directing the District Court to permit their *Carey v. Piphus*,

435 U.S. 247 (1977), defense.

Mandamus is a "drastic and extraordinary remed[y]. . . . reserved for really extraordinary causes." *Ex parte Fahey*, 332 U.S. 258, 259-60 (1947). It is well established that mandamus may only issue where (1) petitioners have "no other adequate means" to attain the relief they seek; (2) their right to mandamus is "clear and indisputable;" and (3) exercising discretion, we are satisfied that the mandamus "is appropriate under the circumstances." *In re Briscoe*, 448 F.3d 201, 212 (3d Cir. 2006) (quoting *Cheney v. United States Dist. Court*, 542 U.S. 367, 380-81, (2004)).

Petitioners have failed to satisfy these requirements. Petitioners have another appropriate avenue for relief—direct appeal after the entry of a final judgment. *Hahnemann Univ. Hosp. v. Edgar*, 74 F.3d 456, 461 (3d Cir. 1996). Mandamus may not be "used as a substitute for the regular appeals process." *Cheney*, 542 U.S. at 380-81. Petitioners are seeking just such a substitute here.[1]

For the foregoing reasons, we decline to employ one of "the most potent weapons in the judicial arsenal," *id.* at 380, to address the parties' contentions, and will deny the petition.

---

[1] We express no opinion as to the seriousness of the deprivation of a defense and the denial of discovery deemed important to petitioners' case. We note only that direct appeal of such issues is the proper course.