NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE MERLE RICHARD SCHMIDT,**
*Petitioner.*

---

2014-101

---

On Petition for Writ of Mandamus to the United States Court of Federal Claims in No. 1:12-cv-00773-SGB, Judge Susan G. Braden.

-------------------------------------------------------------------------

**MERLE RICHARD SCHMIDT,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2014-5031

---

Appeal from the United States Court of Federal Claims in No. 1:12-cv-00773-SGB, Judge Susan G. Braden.

---

**ON MOTION**

---

Before RADER, *Chief Judge*, LOURIE and TARANTO, *Circuit Judges*.

PER CURIAM.

## O R D E R

We construe Merle Richard Schmidt's motion for "summary disposition" as a request to reconsider the court's order denying his petition for a writ of mandamus directing the United States Court of Federal Claims to enter judgment in his favor.

Schmidt filed a complaint at the Court of Federal Claims seeking a declaratory judgment that he is the owner of a plot of land in Iowa. On June 28, 2013, the Court of Federal Claims entered judgment dismissing Schmidt's complaint for lack of jurisdiction. Schmidt did not file an appeal within 60 days from the date of filing of that judgment, thereby rendering it final. *See* Fed. R. App. P. 4(a)(1)(B).

On August 12, 2013, Schmidt filed a motion for relief from judgment under CFC Rule 60, requesting the court to vacate the order dismissing his complaint.* On August 15, 2013, the Court of Federal Claims denied that motion. On October 15, 2013, Schmidt filed for a writ of mandamus in this court.

Because Schmidt's petition for a writ of mandamus met the requirements for being a timely appeal from the Court of Federal Claim's denial of his Rule 60 motion, this court construed his petition as a notice of appeal, assigned

---

\* Because the Rule 60 motion was not filed within 28 days from the date of judgment it did not toll the time to file an appeal from the underlying judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

it Appeal Number 2014-5031, and denied the petition. However, because Schmidt failed to file a brief in Appeal No. 2014-5031, that appeal was dismissed for lack of prosecution on February 19, 2014.

It is clear from the papers submitted that Schmidt does not wish to pursue Appeal No. 2014-5031. *See* Petitioner's Demand in the Nature of Procendendo at 1 ("All parties and the magistrate holding Petitioner's court are in full agreement that the case numbered 2014-5031 be dismissed. . . ."). Accordingly, we see no reason to disturb the court's order dismissing the appeal.

As to Schmidt's request for reconsideration of this court's order denying his petition for a writ of mandamus, "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U. S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). It may not be used as a substitute for appeal. *Ex parte Fahey*, 332 U.S. 258, 259-60 (1947). If Schmidt wished to challenge the underlying judgment, he could have filed a timely appeal, but he did not do so. We therefore see no reason to disturb this court's prior ruling denying his petition for a writ of mandamus.

Accordingly,

IT IS ORDERED THAT:

(1) Schmidt's request to reconsider this court's December 12, 2013 order and grant mandamus is denied.

(2) Any request to reconsider this court's February 19, 2014 order dismissing Appeal No. 2014-5031 is denied.

(3) All other pending motions are moot.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

4                                        IN RE SCHMIDT

s24