# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-2021

_____

Colleen M. Auer

*Plaintiff - Appellant*

v.

Trans Union, LLC, a Delaware Limited Liability Company; CBCInnovis, Inc., a Pennsylvania Corporation

*Defendants*

City of Minot, a North Dakota Municipal Corporation; Smith, Bakke, Porsborg, Schweigert & Armstrong, a North Dakota General Partnership

*Defendants - Appellees*

John Does 1-100, inclusive

*Defendants*

_____

No. 15-2386

_____

In re: Colleen M. Auer

*Petitioner*

_____

Appeals from United States District Court
for the District of North Dakota - Bismarck

_____

Before RILEY, Chief Judge, COLLOTON and SHEPHERD, Circuit Judges.
_____

RILEY, Chief Judge.

In the first of these two consolidated cases, Colleen Auer seeks appellate review of what she believes is a permanent injunction issued by the district court[1] in her ongoing lawsuit. We disagree with Auer's characterization of the ruling in question, so we dismiss her interlocutory appeal for lack of jurisdiction. The other case concerns Auer's petition for a writ of mandamus overruling an order in which the district court dismissed her claims against some defendants. We deny the petition because an appeal from the district court's eventual final judgment is the proper vehicle for Auer's challenges to the order.

## I.    BACKGROUND

Auer briefly served as city attorney for Minot, North Dakota. After accepting the appointment, she completed and signed a form purporting to authorize a background check, including a credit report. After she was terminated, she filed a complaint claiming wrongful termination and submitted a public-records request for, among other things, her complete personnel file. A few weeks later, the city's outside counsel, Smith, Bakke, Porsborg, Schweigert & Armstrong (the firm), sent Auer a letter telling her that the materials the city provided in response to her request included a credit report and asking whether she wanted a copy, since they believed she already had one.

---

[1]The Honorable Ralph R. Erickson, Chief Judge, United States District Court for the District of North Dakota.

Auer believed the city and firm's acquisition and handling of her credit report were contrary to federal law. She wrote letters telling them so and demanding they follow her instructions to protect her claimed privacy rights. The firm responded that they had done nothing wrong. After an exchange of letters failed to resolve the dispute, Auer sued the city, the firm, the company that sold the report to the city, the company that originally compiled the report, and anyone else who might have received the report from the city, alleging they violated various provisions of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x. The city and the firm jointly moved for the district court to either dismiss Auer's complaint for failing to state a claim, see Fed. R. Civ. P. 12(b)(6), or grant them summary judgment, see Fed. R. Civ. P. 56(a). Citing "Auer's alleged concern over the safekeeping of her consumer information" and disclaiming "any use for, or interest in, [it]," the city and the firm also asked for the district court's permission to destroy the copies of the report they still had in their possession. The other named defendants filed answers to the complaint and did not join the motion.

The district court treated the motion as a motion to dismiss and granted it. Because Auer had not responded to the city and firm's request to be allowed to destroy their copies of the report and the district court could not tell if the report might be relevant to Auer's pending wrongful-termination case—apparently the district court did not consider whether the report could still be relevant evidence in this case—the district court "deem[ed] the destruction of the consumer report without a direction to do so by Auer as unadvisable." Instead, the district court ordered the city and the firm to give their copies to the clerk of court for safekeeping. The clerk was to destroy them after thirty days unless Auer or the district court directed otherwise. The city and the firm promptly handed over all their physical copies of the report and destroyed their electronic copies. Auer then told the clerk to keep the hard copies "in its secure files" while she sought appellate review.

Auer filed a notice of appeal.  Invoking 28 U.S.C. § 1292(a)(1), she claims we have appellate jurisdiction to review "the district court's . . . order granting permanent injunctive relief to the City and Smith Firm authorizing these defendants to immediately dispose of all copies of Auer's consumer report in their possession."  She also filed a petition for a writ of mandamus in which she asks this court to direct the district court to vacate its dismissal order.[2]  We granted her motion to consolidate the two cases.

## II.    DISCUSSION
### A.    Injunction

We only have limited jurisdiction to hear appeals from district court rulings before they are final.  See 28 U.S.C. § 1292.  Auer takes for granted that the order telling the city and firm what to do with their copies of her credit report was a permanent injunction and thus immediately appealable under 28 U.S.C. § 1292(a)(1).  But "[w]hile many orders are addressed to a party and direct the party to take or not take some action, not all such orders qualify as injunctions for purposes of section 1292(a)(1)."  United States v. Santtini, 963 F.2d 585, 590-91 (3d Cir. 1992).  The district court did not describe this order as an injunction or treat it as one.  Nor did the city and firm purport to seek an injunction when they "request[ed] authorization" to shred the reports.  Labels are not controlling on this point, see, e.g., Nordin v. Nutri/System, Inc., 897 F.2d 339, 342-43 (8th Cir. 1990), but here they are accurate.  The order was directed at the same parties who asked for it and did not compel any other party—such as Auer—to do or not do anything, and the order did not have

---

[2]In the last line of her mandamus petition, Auer also calls for her case to be transferred from the present district court to the district judge to whom it was previously assigned.  See D.N.D. Civ. L. R. 3.1(B)(3) ("The court may order a change of division assignment . . . at any time in the court's discretion with or without a motion by a party.").  Other than vague intimations that the district court "stepped in . . . to lock the courthouse doors on [her] claims," Auer offers no argument or explanation for her request, so we deny it without further discussion.

anything to do with the relief Auer sought nor did it resolve any part of her case. We conclude the order did not "grant[] . . . [an] injunction[]" for purposes of § 1292(a)(1), so we lack jurisdiction to review the order at this stage. Cf. Tenkku v. Normandy Bank, 218 F.3d 926, 927 (8th Cir. 2000) ("Even though a discovery order may compel a party to perform certain actions, and usually is enforceable by contempt, such an order is not injunctive in nature because it does not grant or withhold substantive relief." (citation and internal quotation marks omitted)).[3]

## B.  Mandamus

The availability of mandamus—"a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes'"—is also limited. Cheney v. U.S. Dist. Court for the D.C., 542 U.S. 367, 380 (2004) (quoting Ex parte Fahey, 332 U.S. 258, 259-60 (1947)). One key prerequisite is "'the party seeking issuance of the writ [must] have no other adequate means to attain the relief [s]he desires'—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process." Id. at 380-81 (first alteration in original) (citation omitted) (quoting Kerr v. U.S. Dist. Court for the N. Dist. of Cal., 426 U.S. 394, 403 (1976)). The relief Auer seeks is vacatur of the order dismissing her claims against the city and the firm, based on what she calls the district court's "abuse of power and discretion." But her account of how the district court overstepped its bounds is, in truth, nothing more than a list of ways she thinks the district court misapplied the standards for ruling on motions to dismiss and for summary judgment and thereby violated various Federal Rules of Civil Procedure. Such arguments about why an assertedly mistaken ruling cannot stand are routinely raised and addressed on a direct appeal, and we see no reason to treat Auer's

---

[3]Without appellate jurisdiction, we decline to speculate about the proper taxonomy of the order—what exactly it was if not an injunction—and we offer no view on whether the district court was right to let the city and firm dispose of the reports at the heart of Auer's still-pending case or whether Auer forfeited her objections by not voicing them sooner.

differently.[4] Cf. Will v. United States, 389 U.S. 90, 98 n.6 (1967) ("Courts faced with petitions for the peremptory writs must be careful lest they suffer themselves to be misled by labels such as 'abuse of discretion' and 'want of power' into interlocutory review of nonappealable orders on the mere ground that they may be erroneous.").

## III.   CONCLUSION

Both sides devote the bulk of their briefs to attacking or defending various aspects of the district court's order. We refuse to take the bait. This court will address the parties' arguments if and when they are properly presented on appeal. For now, Auer's appeal is dismissed for lack of jurisdiction and her petition for a writ of mandamus is denied.

_____

---

[4]We are not persuaded by Auer's assertion that the dismissal of her claims against the city and the firm "denied [her] the opportunity to develop evidence in support of her claims that could prove determinative on a post-judgment appeal," both because she fails to explain what that evidence might be and because, as far as we can tell, any evidence she found would be irrelevant on appeal anyway, because the issue on appeal would be whether her complaint stated a claim upon which relief could be granted. We also think Auer has sufficient tools at hand to seek appellate review through the usual channels while preserving her rights against the other defendants, notwithstanding their threats to seek sanctions against her if she does not drop her claims in light of the district court's ruling.