NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: LAKSHMI ARUNACHALAM,**
*Petitioner*

---

2020-136

---

On Petition for Writ of Mandamus to the United States District Court for the District of Delaware in No. 1:14-cv-00091-RGA, Judge Richard G. Andrews.

---

**ON PETITION**

---

PER CURIAM.

## O R D E R

Lakshmi Arunachalam petitions the court for a writ of mandamus, seeking to vacate various orders of this court, district courts, the United States Court of Federal Claims, and the Patent Trial and Appeal Board. Kronos Incorporated, a defendant in one of the underlying district court matters, moves for leave to file an untimely entry of appearance.

In July 2020, this court denied Dr. Arunachalam's motion to proceed *in forma pauperis* on the ground that the petition appeared frivolous. We explained that the petition largely seeks to pursue arguments that this court

has already repeatedly rejected, that, at a minimum, she lacked a clear and indisputable right to relief in seeking to vacate orders in closed cases listed in the caption, and that for those cases in the caption that were ongoing or recently resolved, Dr. Arunachalam had failed to explain why she lacks an alternative means for obtaining relief through the course of an appeal. Dr. Arunachalam petitioned for rehearing *en banc*, which the court denied. Dr. Arunachalam then paid the filing fee.

Issuance of a writ of mandamus is a "drastic" remedy, "reserved for really extraordinary causes." *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947). To establish mandamus relief, a petitioner must, at a minimum, establish that she has a clear and indisputable right to relief and no adequate alternative legal channels to obtain that relief. *See Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380–81 (2004). For the reasons already explained to Dr. Arunachalam in this court's prior order, she has failed to meet that demanding standard.

Accordingly,

IT IS ORDERED THAT:

(1)  The petition is denied.

(2)  Kronos' motion is granted.

(3)  All other pending motions are denied.

FOR THE COURT

October 19, 2020          /s/ Peter R. Marksteiner
     Date                 Peter R. Marksteiner
                          Clerk of Court

s31