NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: APPLE INC.,**
*Petitioner*

---

2021-135

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00665-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before PROST, *Chief Judge*, DYK and WALLACH, *Circuit Judges*.

PER CURIAM.

## O R D E R

Apple Inc. petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to rule on Apple's pending motion to transfer and to stay all other proceedings until that motion is resolved. KOSS Corporation opposes the petition. Apple replies.

KOSS Corporation filed this patent infringement suit in the Western District of Texas against Apple. On December 21, 2020, Apple moved to transfer the case to the United States District Court for the Northern District of

California.  Apple also moved to stay all other proceedings. The parties proceeded to engage in venue-related discovery.  On February 26, 2021, Apple filed a supplement to its transfer motion.  KOSS filed its opposition to the transfer on March 2, 2021.  Apple filed its reply on March 11, 2021. On March 22, 2021, Apple filed this petition.  The following day, the district court issued a standing order stating that it will rule on pending inter-district transfer motions before conducting a claim construction hearing.  *See* Western District of Texas, Waco Division, Standing Order Regarding Motion for Inter-District Transfer (Mar. 23, 2021) ("The Court will not conduct a Markman hearing until it has resolved the pending motion to transfer.").  In this case, that hearing currently is scheduled for April 23, 2021.

Issuance of a writ of mandamus is a "drastic" remedy, "reserved for really extraordinary causes." *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947).  A party seeking a writ bears the heavy burden of demonstrating that it has no "adequate alternative" means to obtain the desired relief, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 666 (1978) (internal quotation marks omitted). Even when those two requirements are met, the court must still be satisfied that the issuance of the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 381 (2004).  Apple has not met this demanding standard for relief.

In light of the district court's March 23, 2021 standing order, Apple's focal concern that the district court would proceed to the *Markman* hearing before resolving the transfer motion is no longer an issue. *See, e.g.*, Pet. at 11 ("It has not indicated that it will postpone the impending *Markman* hearing . . . ."); *id.* at 20 ("Apple has no more reassurance that its pending transfer motion will be resolved pre-*Markman* than SK hynix did in similar circumstances." (citing *In re SK hynix Inc.*, 835 F. App'x 600 (Fed.

IN RE: APPLE INC.                                                    3

Cir. 2021)); *id.* at 21 ("The district court is proceeding with one of the most important merits-stage steps in a patent case, while declining to defer that step . . . ."). While Apple notes in its reply that the new standing order does not offer the prospect of postponing any deadline except the *Markman* hearing, Apple neither identifies specifically what those other deadlines are nor identifies any legal authority establishing a clear legal right to such relief under these circumstances.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

April 09, 2021                      /s/ Peter R. Marksteiner
    Date                            Peter R. Marksteiner
                                    Clerk of Court

s25