NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HERIBERTO MORALES, as an individual and on behalf of others similarly situated,

Petitioner,

v.

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES,

Respondent,

ACTIV ENTERPRISES, LLC, a California Limited Liability Company; AMAZON.COM SERVICES LLC, formerly known as Doe 2; AMAZON LOGISTICS, INC., formerly known as Doe 1; DOES, 1 through 50, Inclusive,

Real Parties in Interest.

No. 24-536

D.C. No.
2:23-cv-05943

MEMORANDUM[*]

Petition for Writ of Mandamus

Argued and Submitted July 10, 2024
Pasadena, California

Before: GRABER, N.R. SMITH, and NGUYEN, Circuit Judges.
Partial Dissent by Judge NGUYEN.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Petitioner Heriberto Morales[1] petitions for a writ of mandamus vacating the district court's order compelling arbitration. Petitioner challenges the district court's conclusion that the mandatory arbitration agreement (the "Agreement") between him and Defendants,[2] in particular the class action waiver, was not unconscionable. He also challenges the district court's conclusion that his claims are not covered by California Labor Code section 229. We deny the petition.

Petitioner has failed to show that he is entitled to the "drastic and extraordinary remed[y]" of mandamus. Ex parte Fahey, 332 U.S. 258, 259 (1947). In considering mandamus relief, we analyze five factors: (1) whether "[t]he party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief [the petitioner] desires"; (2) whether "[t]he petitioner will be damaged or prejudiced in a way not correctable on appeal"; (3) whether "[t]he district court's order is clearly erroneous as a matter of law"; (4) whether "[t]he district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules"; and (5) whether "[t]he district court's order raises new and important problems, or issues of law of first impression." Bauman v. U.S. Dist. Ct., 557 F.2d

---

[1] Petitioner seeks to represent a class of all current and former delivery drivers employed by Defendants in California within the last four years who are paid on an hourly basis.

[2] Defendants consist of Activ Enterprises, LLC; Amazon Services, LLC; Amazon Logistics, Inc.; and Does 1 through 50 or Real Parties in Interest.

650, 654–55 (9th Cir. 1977). Although all five factors are relevant, the third factor, whether there was clear error as a matter of law, is the most important factor and is a "necessary condition for granting a writ of mandamus." Van Dusen v. U.S. Dist. Ct. (In re Van Dusen), 654 F.3d 838, 841 (9th Cir. 2011).

Here, Petitioner has failed to show that the district court clearly erred as a matter of law in compelling arbitration:

1. Petitioner is a last-leg delivery driver. The Federal Arbitration Act ("FAA") is therefore inapplicable because transportation workers like him are exempt from arbitration under 9 U.S.C. § 1. See Ortiz v. Randstad Inhouse Servs., LLC, 95 F.4th 1152, 1159 (9th Cir. 2024) (discussing the transportation worker exemption and citing Circuit City Stores v. Adams, 532 U.S. 105, 119 (2001)), petition for cert. filed, No. 23-1296 (U.S. June 10, 2024)).[3] The parties stipulated that "[i]f, for any reason, the FAA or federal common law is found not to apply to this Agreement (or its agreement to arbitrate), then applicable state law shall govern." Accordingly, California law and the corresponding arbitration laws,

---

[3] For the first time in his reply brief, Petitioner argues that the district court erred when it did not address the transportation worker exemption. Even assuming that we should reach this waived or forfeited issue, see Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999), the district court did not clearly err in omitting that explanation both because Petitioner conceded the issue and because the district court reached the correct legal result, see Rittmann v. Amazon.com, Inc., 971 F.3d 904, 919 (9th Cir. 2020) (noting that "the FAA does not apply because the arbitration provision is . . . subject to the transportation worker exemption in § 1").

codified in the California Arbitration Act, govern. Cal. Civ. Proc. Code §§ 1280–1294.4.[4]

2. Under California law, a contractual provision is unconscionable when it is both procedurally and substantively unconscionable. Stirlen v. Supercuts, Inc., 60 Cal. Rptr. 2d 138, 145 (Ct. App. 1997).

a. In assessing procedural unconscionability, the district court gave credence to the argument that the Agreement had traces of adhesion because it was "imposed on employees as a condition of employment and there was no opportunity to negotiate." Armendariz v. Found. Health Psychcare Servs., Inc., 6 P.3d 669, 690 (Cal. 2000). But "the adhesive nature of a contract, without more, [gives] rise to a low degree of procedural unconscionability at most." Poublon v. C.H. Robinson Co., 846 F.3d 1251, 1261–62 (9th Cir. 2017). The district court further found that there was "little surprise as to the Agreement's purpose and terms" because: (1) Petitioner was "required to scroll through the [A]greement, which was labeled in all capital bold letters: MUTUAL AGREEMENT TO INDIVIDUALLY ARBITRATE DISPUTES"; (2) the Agreement is short; (3) "the provisions concerning mandatory arbitration and covered claims appear bolded on the first page," and (4) the Agreement's provisions are written in plain English.

---

[4] Neither party argues that federal common law governs instead of California law.

Because Petitioner "has not established any other element of oppression or surprise associated with the employment agreement, . . . under California law" the Agreement is enforceable "unless the degree of substantive unconscionability is high." Poublon, 846 F.3d at 1263 (citation and internal quotation marks omitted).

b. Regarding substantive unconscionability, Petitioner argues that the Agreement is substantively unconscionable "because it contains a class action waiver." But that argument fails as a matter of law. See generally Kilgore v. KeyBank, Nat'l Ass'n, 718 F.3d 1052, 1058 (9th Cir. 2013) (en banc) (noting that this argument "is now expressly foreclosed by Concepcion" (citing AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 352 (2011))). The district court properly applied the four-part analysis established in Gentry v. Superior Court, 165 P.3d 556, 568 (Cal. 2007), abrogated on other grounds by Concepcion, 563 U.S. 333, and held that all but the first factor weighed against Petitioner. Although the district court determined that the Agreement included "only one unlawful term, the PAGA[5] waiver," it ruled that "[t]he PAGA waiver may be stricken without adding additional terms" and held that the Agreement was not substantively unconscionable. We have held that one unconscionable provision does not necessarily render the entire agreement unconscionable or otherwise

_____

[5] PAGA refers to the Labor Code Private Attorneys General Act of 2004. Cal. Lab. Code §§ 2698–2699.8.

unenforceable.  See Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1265 (9th Cir. 2006) (en banc) (explaining that California law "provides for striking unconscionable provisions, while leaving the remainder of the agreement intact, valid, and enforceable").

Accordingly, even assuming that the district court erred in analyzing procedural unconscionability as Petitioner argues, the court did not clearly err on the issue of substantive unconscionability.  Because both procedural and substantive unconscionability are required under California law to render a provision unconscionable, Petitioner has not met his heavy burden on that issue. See In re Van Dusen, 654 F.3d at 840–41 ("[P]etitioner bears the burden of showing that its right to issuance of the writ is clear and indisputable." (citations and internal quotation marks omitted)).

3.  In determining whether Petitioner's claims are covered by California Labor Code section 229, the district court accurately observed that cases in California conflict on the applicability of section 229.  Compare Lane v. Francis Cap. Mgmt. LLC, 168 Cal. Rptr. 3d 800, 806 (Ct. App. 2014) (holding that section 229 applies only to sections 200 through 244 because "Section 229 is found in article 1 of division 2, part I, chapter 1 of the Labor Code, encompassing sections 200 through 244") with Muller v. Roy Miller Freight Lines, LLC, 246 Cal. Rptr. 3d 748, 759 (Ct. App. 2019) (holding that section 229 applied to several causes of

6                                                    24-536

action outside of article 1).  In considering "California's strong public policy in favor of arbitration," the district court applied the holding in Lane.  Samaniego v. Empire Today LLC, 140 Cal. Rptr. 3d 492, 497 (Ct. App. 2012); see id. ("In keeping with California's strong public policy in favor of arbitration, any doubts regarding the validity of an arbitration agreement are resolved in favor of arbitration.").

Petitioner argues that Naranjo v. Spectrum Security Services, Inc., 509 P.3d 956 (Cal. 2022), necessarily overruled Lane.  It did not.  Naranjo reaffirmed the holding in Kirby v. Immoos Fire Protection, Inc., 274 P.3d 1160 (Cal. 2012), which held squarely that a claim for failing to provide proper meal and rest breaks is "not an action . . . for nonpayment of wages."  Kirby, 274 P.3d at 1168. Naranjo's narrow ruling is that the legislature permissibly fashioned a remedy for the meal-and-rest-break violation consisting of extra wages.  509 P.3d at 962–63 ("The Legislature is free, if it so chooses, to establish a remedy for the violation that takes the form of a requirement to pay additional compensation for services provided under such disfavored conditions.  That is what it has done in section 226.7." (emphasis added)).  Naranjo held only that the timing and notice requirements for wage payments applied to the remedial compensation.  Id. at 958.  By clearly distinguishing between the violation (no breaks) and the remedy (extra compensation), Naranjo did not recharacterize a claim for meal-and-rest-

break violations as an action to collect unpaid wages.  Id. at 962.  At a minimum,

even if Plaintiff and the dissent provide a plausible alternative reading of Naranjo,

the district court did not clearly err by viewing Lane as remaining good law.  See

In re Van Dusen, 654 F.3d at 841 ("[T]he absence of [clear error] will defeat a

petition for mandamus.").[6]

**PETITION DENIED.**

---

[6] The dissent properly notes that the first two Bauman factors favor Plaintiff. Dissent at 1–2.  But he still cannot prevail, because the district court did not clearly err—a necessary prerequisite to mandamus relief.

24-536

*Morales v. U.S. Dist. Court*, 24-536

NGUYEN, Circuit Judge, dissenting in part:

The district court clearly erred in determining that California's statutory exemption from arbitrating claims to recover wages, Cal. Lab. Code § 229,[1] does not apply to claims for uncompensated meal and rest breaks. The ten-year-old case from the California Court of Appeal on which the district court relied was not good law—the California Supreme Court overruled it. Therefore, I would grant mandamus relief on the missed break claims and allow Morales to pursue them in a judicial forum. I dissent from that portion of the majority disposition.

1. When evaluating a petition for writ of mandamus, we consider five factors. *See Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654–55 (9th Cir. 1977). Morales meets the first factor because "[a]n order staying proceedings and compelling arbitration is not a final decision that is subject to ordinary appeal

---

[1] The Federal Arbitration Act ("FAA"), when it applies, preempts the operation of section 229. *See Perry v. Thomas*, 482 U.S. 483, 492 (1987). I agree with the majority that the FAA "is . . . inapplicable because transportation workers like [Heriberto Morales] are exempt from arbitration under 9 U.S.C. § 1." Maj. Disp. at 3. Consequently, section 229 does not "stand as an obstacle to the accomplishment of the FAA's objectives." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 343 (2011). For similar reasons, the majority errs in relying on *Concepcion* and *Kilgore*, two cases involving FAA preemption. *See* Maj. Disp. at 5; *Concepcion*, 563 U.S. at 352 (holding that California rule deeming most consumer class action waivers unconscionable "is pre-empted by the FAA"); *Kilgore v. KeyBank, N.A.*, 718 F.3d 1052, 1058 (9th Cir. 2013) (en banc) (rejecting argument that banning class arbitration is unconscionable under California law because "that argument is now expressly foreclosed by *Concepcion*").

1

under 28 U.S.C. § 1291." *In re Henson*, 869 F.3d 1052, 1058 (9th Cir. 2017) (per curiam).

2. Morales meets the second factor because if he "is forced to arbitrate, he 'has no other adequate means' of ensuring that he can continue as the class representative, and this would prejudice him 'in a way not correctable on appeal.'" *Id.* (quoting *Bauman*, 557 F.2d at 654). If the arbitrator awards Morales all the damages he asks for, "then his individual claim would be rendered moot" because none of the permissible grounds for vacating the award would apply. *Douglas v. U.S. Dist. Court*, 495 F.3d 1062, 1068 (9th Cir. 2007) (per curiam).

3. As for the third *Bauman* factor, *see id.* at 1066, the district court clearly erred in concluding that section 229 does not allow Morales to litigate his claims for missed meal and rest breaks under section 226.7 of the California Labor Code.[2]

---

[2] I disagree with the majority that the district court properly applied the *Gentry* factors in determining that the class action waiver does not render the arbitration agreement unconscionable. *See Gentry v. Superior Court*, 165 P.3d 556, 568 (Cal. 2007). The district court improperly required Morales to prove a "credible" potential for retaliation. *See Garrido v. Air Liquide Indus. U.S. LP*, 194 Cal. Rptr. 3d 297, 307 (Ct. App. 2015) (finding hypothetical fear of retaliation sufficient). And Morales did not need to "identify what rights he did not understand"; it was enough that he showed "he was unaware of his rights and [his employer] made no effort to inform him of such rights." *Muro v. Cornerstone Staffing Sols., Inc.*, 229 Cal. Rptr. 3d 498, 505 (Ct. App. 2018). Nor was a "particularized showing as to other real-world obstacles" necessary. *See Franco v. Athens Disposal Co.*, 90 Cal. Rptr. 3d 539, 553 (Ct. App. 2009) (finding sufficient an attorney's declaration that "preventing class proceedings from occurring will only allow this and other employers to . . . continue violating the Labor Code

2

Section 229 exempts from arbitration "[a]ctions to enforce the provisions of this article for the collection of due and unpaid wages claimed by an individual."  Cal. Lab. Code § 229.  Morales's claims for failure to provide meal and rest breaks under section 226.7, like section 229, fall within article 1.  Thus, these claims are clearly "[a]ctions to enforce the provisions of" article 1.  *See Lane v. Francis Cap. Mgmt. LLC*, 168 Cal. Rptr. 3d 800, 806 (Ct. App. 2014) ("[I]f a cause of action seeks to collect due and unpaid wages pursuant to [Labor Code] sections 200 through 244, that action can be maintained in court, despite an agreement to arbitrate.").

The district court relied on *Lane*, which held that an action "under section 226.7 . . . is not, in fact, an action for the 'collection of due and unpaid wages,' but one for a failure to provide mandated meal or rest breaks."  *Id.*  However, *Lane* was overruled by *Naranjo*, in which the California Supreme Court held that "extra pay for missed [meal and rest] breaks" under section 226.7 "constitutes 'wages.'"  *Naranjo v. Spectrum Sec. Servs., Inc.*, 509 P.3d 956, 958 (Cal. 2022).

The majority "misread[s] *Kirby*" "as holding that missed-break premium pay . . . is not a wage for all or most Labor Code purposes."  *Naranjo*, 509 P.3d at

---

unabated").  Notwithstanding the district court's improper reliance on nonbinding federal decisions rather than presumptively correct California authority, applying *Gentry* to the factual record and balancing its four factors necessarily involves discretion.  Therefore, the district court's error applying *Gentry* is not clear.

3

964–65 (discussing *Kirby v. Immoos Fire Prot., Inc.*, 274 P.3d 1160 (Cal. 2012)). *Kirby* concerned a statute, Labor Code section 218.5, the application of which "turns on the nature of the underlying legal violation the action seeks to remedy, not the form of relief." *Id.* at 965. While "the *legal violation*" underlying a section 226.7 claim is "the deprivation of meal or rest breaks," the "section 226.7 *remedy* is a wage." *Id.* (second emphasis added) (quoting *Kirby*, 274 P.3d at 1168).

Section 229, unlike section 218.5, plainly turns on the remedy—"the collection of due and unpaid wages." Cal. Lab. Code § 229. Even *Lane* recognized as much. *See Lane*, 168 Cal. Rptr. 3d at 806 n.2 (characterizing section 229's reference to "due and unpaid wages" as a "remed[y]"). *Kirby* explained the distinction:

> [S]ection 218.5 uses the phrase "action brought for" to mean something different from what the phrase means when it is coupled with a particular remedy (e.g., "action brought for damages" or "action brought for injunctive relief"). An "action brought for damages" is an action brought *to obtain* damages. But an "action brought for nonpayment of wages" [the language at issue in section 218.5] is not (absurdly) an action *to obtain* nonpayment of wages. Instead, it is an action brought *on account of* nonpayment of wages.

*Kirby*, 274 P.3d at 1167.

The converse is true here. "Actions . . . for the collection of due and unpaid wages," Cal. Lab. Code § 229, are actions *to obtain* a remedy—due and unpaid wages—not actions brought *on account of* collecting due and unpaid wages.

4

Under *Naranjo*, the remedy for missed meal and rest breaks is wages, and the district court clearly erred in holding otherwise.

4. Morales meets the fourth *Bauman* factor because "[t]he district court's order is an oft-repeated error." *Bauman*, 557 F.2d at 655. District courts both before and after *Naranjo* have cited *Lane* in concluding that section 229 does not apply to section 226.7 claims. *See Torres-Boyd v. Thyssenkrupp Supply Chain Servs. NA*, No. 3:23-cv-01836-MMC, 2023 WL 7003242, at *5 (N.D. Cal. Oct. 23, 2023); *Romo v. CBRE Grp., Inc.*, No. 8:18-cv-00237-JLS-KES, 2018 WL 4802152, at *5 (C.D. Cal. Oct. 3, 2018); *Brewer v. Gen. Nutrition Corp.*, No. 4:11-cv-3587-YGR, 2015 WL 5072039, at *18 n.11 (N.D. Cal. Aug. 27, 2015).

5. Morales meets the fifth *Bauman* factor because the district court's order "raises . . . issues of law of first impression." *Bauman*, 557 F.2d at 655. While the district court's error is clear, no Ninth Circuit or California appellate decision has addressed *Lane*'s viability in light of *Naranjo*.

Because all five *Bauman* factors favor Morales, I would grant mandamus relief on his section 226.7 claims.

I respectfully dissent.

5